IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 JUN 22 A 8:53
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

ARCIDUS BAUMS,   *
  *
    Plaintiff,   *
  *
v.   *   Case Number 3:06 CV558
  *
GENERAL INSURANCE CO.   *
OF AMERICA, et al.,   *
  *
    Defendants.   *

## NOTICE OF REMOVAL

COMES NOW Defendant General Insurance Co. of America ("General Insurance") and hereby gives notice of removal of the above-styled action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for its removal, the Defendant avers as follows:

1. On or about May 22, 2006, the above-styled action was commenced against General Insurance, the City of Tuskegee and certain fictitious party defendants in the Circuit Court of Macon County, Alabama.

2. The only proceeding that has taken place in state court as to this matter is the filing of the Complaint. General Insurance and the City of Tuskegee were served with the Complaint on or about May 24, 2006. A copy of the state court file is

1

attached hereto as **Exhibit A**.

3.   This action is subject to removal on the basis of diversity of citizenship in that the Plaintiff, Arcidus Baums, is a resident citizen of the State of Alabama, [see Compl., ¶ 1], and General Insurance (the only proper defendant) is a Washington corporation with its principal place of business in Seattle, Washington, [see **Exhibit B** hereto].

4.   General Insurance need not obtain the consent of the City of Tuskegee because, as set out more fully below, it is fraudulently joined/misjoined in this action in an attempt to defeat removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Alexander v. UDV N. Am., Inc.*, 78 F. Supp. 2d 614, 617 n. 4 (E.D. Mich. 1999) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995)).   Nevertheless, attached hereto as **Exhibit C** is the City of Tuskegee's Consent to Removal.

5.   As to the City of Tuskegee, as clearly shown by the face of the Complaint, there is no "reasonable basis for predicting" that a state court might impose liability on the City of Tuskegee, *see Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997), because the Plaintiff has failed to state a cause of action for "Injunction" as set forth in Count Three of the Complaint. Indeed, Count Three (Injunction) is the only claim for relief asserted against the City of Tuskegee.   In asserting this count, however, the

Plaintiff does not contend that the City of Tuskegee is violating any rights of the Plaintiff, nor that an ordinance or other action of the City is illegal or without foundation or justification in law or fact, nor that the City is acting in an arbitrary and capricious manner. To the contrary, the Plaintiff's request for an injunction simply seeks a delay of action by the City of Tuskegee until such time that the Plaintiff obtains sufficient funds from his lawsuit against General Insurance. The fact that the Plaintiff is resorting to suing his insurance carrier for funds to fix his home is not a valid excuse or legal defense to delay (or to obtain injunctive relief) enforcement of an otherwise undisputedly valid and enforceable ordinance. Accordingly, the Plaintiff has failed to state any cause of action against the City of Tuskegee that would entitle him to injunctive relief or a delay in the enforcement of the City of Tuskegee's ordinance.

6.  Moreover, the Plaintiff has failed to exhaust his administrative remedies as shown by the affidavit of the City Manager of the City of Tuskegee, Alfred J. Davis, attached hereto as **Exhibit D**.

7.  Finally, the claims against General Insurance and the claim against the City of Tuskegee are improper under Rule 20, Fed. R. Civ. P., and fraudulently misjoined because there is no joint, several, or alternative liability and the claims against General Insurance have no real connection to the claim against the City of Tuskegee. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir.

1996). Indeed, the Complaint clearly reveals that there is no joint, several or alternative liability between General Insurance and the City of Tuskegee. Further, the Complaint clearly reveals that the claim against the City of Tuskegee has no real connection to the claim against General Insurance. Though the Plaintiff attempts to make a connection by alleging that injunctive relief is necessary to forestall action by the City until the Plaintiff obtains additional moneys from General Insurance, the undisputed fact remains that the actions sought to be accomplished by the City of Tuskegee (i.e., enforcement of a proper ordinance concerning property maintenance) do not in any manner turn on the Plaintiff's ability to pay to fix or renovate the home, nor do they in any way turn on the source of the funds to accomplish the fix or renovation. Indeed, the City's right to enforcement of its ordinances bears no relationship or connection to the Plaintiff's ability to recover against General Insurance. Under these circumstances, the Defendants have been fraudulently misjoined.

8. The Complaint also names several fictitious parties as defendants; however, their citizenship is to be ignored. See 28 U.S.C. § 1441(a).

9. It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Since the Complaint seeks an unspecified amount of damages, General Insurance must only show that "the amount in controversy more likely than not exceeds the jurisdictional

requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

10. In this case, the Plaintiff brings claims of breach of contract and bad faith concerning General Insurance's failure to "honor its obligations under the insurance policy" "by not paying the losses suffered as a result of the September 17, 2003 fire." [Compl., ¶ 23]. The amount of covered losses, which the Plaintiff claims is due, is between $42,200.00 and $61,200.00. [Compl., ¶ 15]. In addition to these moneys, which the Plaintiff claims have been wrongfully withheld, the Plaintiff seeks additional sums for "mental anguish damages" and "punitive damages." [See Comp., Wherefore pars.]. The combination of these claimed damages is well in excess of $75,000, especially given the Plaintiff's request for mental anguish damages and punitive damages.

11. Alabama juries in insurance bad faith cases routinely render verdicts in excess of $75,000 exclusive of interest and costs. See, e.g., National Ins. Assoc. v. Sockwell, 829 So. 2d 111 (Ala. 2002)($800,000 jury verdict in uninsured motorist case with $40,000 in benefits at dispute); Congress Life Ins. Co. v. Barstow, 799 So. 2d 931 (Ala. 2001) ($1 Million verdict in insurance bad faith case); Employees' Benefit Assoc. v. Grissett, 732 So. 2d 968 (Ala. 1999)(jury verdict of approximately $151,000

in case concerning $880 claim); Life Ins. Co. v. Gipson, 682 So. 2d 56 (Ala. 1996)(affirming $100,000 verdict in case involving minimal insurance expenses); United Ins. Co. of Am. v. Cope, 630 So. 2d 407 (Ala. 1993)($4 million verdict in case involving potential $335 insurance claim); Principal Financial Group v. Thomas, 585 So. 2d 816 (Ala. 1991)($750,000 verdict in case involving $1,000 in insurance benefits).

12. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and since General Insurance is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

13. Notice of removal of the above-styled action has been given to the Clerk of the Circuit Court of Macon County, Alabama, and to the Plaintiff, as required by 28 U.S.C. § 1446(d). [See **Exhibit E**, attached hereto].

WHEREFORE, General Insurance Co. of America prays that this Court will take jurisdiction of this matter.

Respectfully submitted this the 22nd day of June, 2006.

_____
RONALD G. DAVENPORT
Attorney for Defendant General Insurance Co. of America

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
  & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
(334) 481-0804 Fax
E-mail: rgd@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

J. David Martin, Esq.
Mitchel H. Boles, Esq.
Copeland, Franco, Screws & Gill, P.A.
P. O. Box 347
Montgomery, AL 36101-0347

Latasha Meadows, Esq.
Chestnut, Sanders, Sanders,
   Pettaway & Campbell, LLC
P. O. Box 1290
Selma, AL 36702-1290

by placing a true copy of same in the United States mail, postage prepaid, this the 22nd day of June, 2006.

_____
Of Counsel