

**EXHIBIT A**

State of Alabama
Unified Judicial System

**SUMMONS - CIVIL**

Case Number
CV-06-103
ID  YR  NUMBER

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**Plaintiff**                           vs.      **Defendants**
ARCIDUS BAUMS                                   GENERAL INS. COMPANY OF AMERICA, et al.

**NOTICE TO:**   General Insurance Company of America
c/o The Corporation Company
2000 Interstate Drive, Suite 204
Montgomery, Alabama 36109



THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY, **J. DAVID MARTIN**, WHOSE ADDRESS IS **P.O. BOX 347, MONTGOMERY, ALABAMA 36101-0347**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

---

To any Sheriff or any person authorized by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

XX  This service by certified mail of this summons is initiated upon the written request of Plaintiff(s) pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

5-22-06                                         By: _Eddie D. Mallard_
Date                                                 Clerk/Register

---

**RETURN ON SERVICE:**

Certified Mail return receipt received in this office on (Date) _____ (Return receipt hereto Attached).

I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on (Date) _____.

---

Date _____                              Server Signature _____

Address of Server:

_____                                   Type of Process Server

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

| | |
|---|---|
| **ARCIDUS BAUMS,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**GENERAL INSURANCE COMPANY OF** )<br>**AMERICA; CITY OF TUSKEGEE;** )<br>**FICTITIOUS DEFENDANTS "1" through "10,"** )<br>being the true and correct names of the named )<br>defendants; **FICTITIOUS DEFENDANTS "11"** )<br>through "20," being those individuals, )<br>partnerships, successors, corporations and/or )<br>other business entities responsible for the )<br>wrongful acts alleged herein, or who, by )<br>contract or law, assumed and/or are responsible )<br>for the obligations of the Defendants, all of )<br>which fictitious Defendants' true and correct )<br>names are unknown at this time, but will be )<br>added by amendment when ascertained, )<br>)<br>    **Defendants.** ) | CIVIL ACTION NUMBER:<br>CV-06-_103_<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff Arcidus Baums hereby claims against the Defendants as follows:

1. Plaintiff Arcidus Baums is an adult resident/citizen of Macon County, Alabama and is over the age of nineteen (19) years.

2. Defendant General Insurance Company of America ("General Insurance") is a foreign corporation doing business by agent in Macon County, Alabama.

3. Defendant City of Tuskegee is a municipal corporation located in Macon County, Alabama.

4. Fictitious Defendants "1" through "10" are the true and correct names of the named defendants.

5. Fictitious Defendants "11" through "20" are those individuals, partnerships, predecessors, successors, corporations and/or other legal entities who insured Plaintiff's home

1

against fire loss on September 17, 2003 or who are responsible for the wrongful acts alleged herein or who, by contract or law, assumed and/or are responsible for the obligations of the Defendants.

6. All of said fictitious defendants' true and correct names are unknown at this time but will be added by amendment when ascertained.

7. Plaintiff owns a home located at 703 Brewer Street in Tuskegee, Alabama.

8. In September of 2003, Regions Mortgage held the mortgage and Defendant General Insurance provided residential fire insurance on Plaintiff's home. The limit of liability on the General Insurance residential fire policy was in excess of $50,000.00.

9. On September 17, 2003, Plaintiff's home was severely damaged by fire.

10. Plaintiff immediately notified General Insurance of the fire.

11. General Insurance later sent an adjuster to Plaintiff's property to assess the extent of the damage.

12. Plaintiff was later informed that General Insurance adjusted the loss at approximately $17,000.00.

13. Plaintiff contacted General Insurance and its adjuster to inform them that the damage to the home was much greater than $17,000.00.

14. Defendants told Plaintiff to obtain at least two estimates of the cost to repair the home.

15. Plaintiff subsequently obtained estimates from three separate contractors. These repair estimates ranged from $42,200.00 to $61,200.00.

16. Plaintiff forwarded these estimates to General Insurance, yet General Insurance refused to increase its loss assessment.

17. Because General Insurance failed and refused to honor its obligations under the insurance contract, Plaintiff had insufficient funds with which to repair his home.

18.     On March 1, 2006 Defendant City of Tuskegee wrote to Plaintiff to notify him that it would be demolishing his home if he did not remediate the fire damage immediately. [Exhibit 1].

19.     Without the full and proper amount of monies due and owing under the policy of insurance, Plaintiff is unable to remediate the fire damage and, therefore, risks the loss of his home due to Defendant General Insurance's wrongful conduct in this case.

## Count One - Breach of Contract

20.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs of the Complaint as if fully set forth herein.

21.     On September 17, 2003, Plaintiff suffered a fire loss at his home. This fire loss was covered by a policy of insurance issued by General Insurance.

22.     Pursuant to said policy of insurance, General Insurance agreed to pay benefits for fire losses sustained at Plaintiff's home.

23.     General Insurance breached its contract of insurance in this case by failing or refusing to honor its obligations under the insurance policy, i.e., by not paying the losses suffered as a result of the September 17, 2003 fire.

24.     As a proximate result of the Defendant General Insurance's wrongful conduct, Plaintiff has been deprived of the funds he was entitled to for repair of his home, the cost to now repair the home has greatly increased, he has had to continue paying on his home although it is uninhabitable, he has had to incur the cost to rent alternative housing, his home has fallen into such a state of disrepair that the City of Tuskegee is threatening to demolish the home and Plaintiff has suffered and continues to suffer mental anguish.

WHEREFORE, Plaintiff demands judgment against General Insurance in an amount of compensatory damages, including mental anguish damages, in excess of the minimum jurisdictional limits of this Court to be assessed by the jury, plus interest and costs.

## Count Two - Bad Faith

25. Plaintiff realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

26. On or about September 17, 2003, the Plaintiff suffered a fire loss at his home.

27. At the time of the loss, there existed a policy of insurance issued by General Insurance covering such loss.

28. The policy of insurance with General Insurance provided that it would pay benefits up to the contract limit of coverage for losses suffered as a result of fire at Plaintiff's home.

29. General Insurance has intentionally refused to pay and/or investigate, and/or deal in good faith on the claim for benefits pursuant to the insurance policy.

30. There exists no arguable or debatable reason for General Insurance's refusal to pay and/or investigate, and or to deal in good faith on the claim for fire loss coverage pursuant to the insurance policy.

31. General Insurance knew that there was no arguable or debatable reason for its refusal to pay in full the claim arising out of the fire at Plaintiff's home.

32. As a proximate result of the wrongdoing of General Insurance, Plaintiff has suffered injury and damage as set forth in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment against General Insurance in an amount of compensatory damages, including mental anguish damages, and punitive damages, in excess of the minimum jurisdictional limits of this Court to be assessed by the jury, plus interest and costs.

## Count Three – Injunction

33. Plaintiff realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

34. As a result of the failure and refusal of General Insurance to comply with its contractual obligations to pay the amount of the loss suffered by Plaintiff as a result of the September 17, 2003 fire, Plaintiff has been deprived of the funds necessary to properly repair his home.

35. Plaintiff relied on the availability of insurance proceeds to repair any fire damage he may suffer at his home.

36. Despite his desire to fully repair his home, Plaintiff has insufficient funds available to make up the difference between the benefits offered by General Insurance and the cost to actually repair the fire damage to his home.

37. The City of Tuskegee has now informed Plaintiff that it intends to demolish his home if he does not remedy the damage caused by the fire.

38. In the intervening time since the fire loss, Plaintiff has attempted to obtain the funds available to him under the insurance policy through informal means, but has been unsuccessful in doing so.

39. His attempts to obtain the funds due and owing were postponed from October 2004 through October 2005 while Plaintiff was deployed overseas as a member of the Alabama National Guard.

40. Upon his return to the United States and with no other options available, Plaintiff has now filed suit against General Insurance to obtain the funds rightfully owed under the policy.

41. It is Plaintiff's intention to apply the funds recovered in this lawsuit to the repair

and remediation of his home.

42. Plaintiff has a clear legal right to the benefits due and owing under the insurance policy issued by General Insurance.

43. An injunction is necessary to prevent irreparable harm to the Plaintiff in the form of the City of Tuskegee demolishing his home before he can enforce his right to the proceeds necessary to repair his home. This threat of irreparable harm to Plaintiff far outweighs any harm the injunction may cause the City of Tuskegee.

44. The granting of the injunction will not be contrary to the public interest.

45. There is no adequate remedy at law to stop the City of Tuskegee from demolishing Plaintiff's home until he can recover the insurance proceeds wrongfully withheld by General Insurance.

WHEREFORE, Plaintiff requests the Court to issue an injunction prohibiting the City of Tuskegee from demolishing his home located at 703 Brewer Street, Tuskegee, Alabama, and for such other and further relief as the Court deems appropriate in the premises.

*/s/ J. David Martin*
J. David Martin, Esq. (MAR120)
Mitchel H. Boles (BOL029)

**COUNSEL FOR PLAINTIFF -
ARCIDUS BAUMS**

**OF COUNSEL:**

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:   (334) 834-1180
Facsimile:    (334) 834-3172

_____
Arcidus Baums, Plaintiff

STATE OF ALABAMA       )
                       :
MONTGOMERY COUNTY      )

     I, the undersigned authority, a Notary Public, in and for said County in Said State, hereby certify that Arcidus Baums, whose name is signed to the foregoing Complaint and who is known to me and being informed of the contents of the Complaint, he acknowledged the accuracy of the facts as stated in the Complaint and executed the same voluntarily for and as the act of said corporation.

     Given under my hand and seal, this the 18th day of May, 2006.

[SEAL]

_____
NOTARY PUBLIC
My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sep 28, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY AS TO ALL CLAIMS.**

_____
J. David Martin


## PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL

**General Insurance Company of America**
c/o The Corporation Company
2000 Interstate Drive, Suite 204
Montgomery, Alabama 36109

**City of Tuskegee**
c/o Gwendolyn Hughley, Deputy City Clerk
Post Office 830687
Tuskegee, Alabama 36083

# CITY OF TUSKEGEE

**MAYOR**
JOHNNY FORD

**CITY MANAGER**
ALFRED J. DAVIS





COUNCIL AT LARGE

COUNCIL MEMBERS
LUTALO K. ARYEE
DISTRICT 1
WILLIAMS LOUISE FIELDS
DISTRICT 2
GEORGETTE WHITE MOON
DISTRICT 3

P.O. BOX 830687
101 FONVILLE STREET
TUSKEGEE, ALABAMA 36083
PHONE: (334) 727-2180 • FAX: (334) 727-4820

March 1, 2006

**NOTICE OF PROPERTY MAINTENANCE CODE VIOLATIONS**

**VIA CERTIFIED MAIL**

Arcidus Baums
P. O. Box 830324
Tuskegee, AL  36083

*Re: 703 Brewer Street, Tuskegee, AL  36083*

Dear Mr. Baums:

This is a notice that the property you own or are responsible for at the above-referenced address has been inspected and found to be unsafe for habitation or use.

An inspection report which sets forth the violations found on the property is enclosed herewith. This notice is being issued because the degree to which the structure is in disrepair or lacks maintenance is dangerous to the life, health, property or safety of the public. These conditions must be corrected immediately.

You have **ten (10) days** from the date of receipt of the certified letter to file a plan of remediation with the Department of Building, Engineering and Planning. The plan must include all steps you plan to take to address and correct each violation in the inspection report, up to and including the demolition of the structure. These violations must be addressed and corrected within sixty (60) – ninety (90) days from the submission of your remediation plan.

**Do not disregard this notice!** Failure to comply with these instructions within the stated period *will* result in further action by the City of Tuskegee. The property will be restored, demolished or removed at the direction of the City. Any and all costs (including administrative fees) associated with the remediation will be assessed to you and will constitute a lien against the property.

Page Two
Arcidus Baums
March 1, 2006

You have the right to appeal the determination that the property conditions violate the relevant codes. You must file your appeal within **twenty (20) days** from your receipt of this notice. In support of this appeal you must clearly and adequately show: (1) why the intent of the code or the rules legally adopted have been incorrectly interpreted, or (2) why the provisions of the code are inapplicable, or (3) that the requirements of the code are adequately satisfied by other means. An application for appeal is available upon request from the Building, Engineering and Planning Department.

For additional information, please contact the Building, Engineering and Planning Department at 334-724-2153.

Sincerely,

James Harris
Building Inspector


Pc:  Mr. Alfred J. Davis, City Manager

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

| | |
|---|---|
| **ARCIDUS BAUMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | CV-06-_103_ |
| ) | |
| **GENERAL INSURANCE COMPANY OF** ) | |
| **AMERICA; CITY OF TUSKEGEE;** ) | **JURY TRIAL DEMANDED** |
| FICTITIOUS DEFENDANTS "1" through "10," ) | |
| being the true and correct names of the named ) | |
| defendants; FICTITIOUS DEFENDANTS "11" ) | |
| through "20," being those individuals, ) | |
| partnerships, successors, corporations and/or ) | |
| other business entities responsible for the ) | |
| wrongful acts alleged herein, or who, by ) | |
| contract or law, assumed and/or are responsible ) | |
| for the obligations of the Defendants, all of ) | |
| which fictitious Defendants' true and correct ) | |
| names are unknown at this time, but will be ) | |
| added by amendment when ascertained, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION**
(SERVED WITH COMPLAINT)

Plaintiff Arcidus Baums hereby propounds the following discovery requests to be answered by Defendant General Insurance Company of America in the manner within the time prescribed by law.

I.  **Definitions.**  For purposes of this request, the following definitions apply:

   a.  As used herein, the term "**document**" means any medium upon which intelligence or information can be recorded, written, or retrieved, and includes, without limitation, the original and each copy and nonduplicate copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), email, call log, claims log, invoice, bill, order form, receipt, financial statement, correspondence, accounting entry, diary, calendar, telex, telegram, cable, telecopy or telefacsimile, report, photographic or electronic surveillance (or the transcript thereof), record, contract, agreement, study, audio or video recording, handwritten note, draft, working

1

        paper, chart, paper, print, laboratory report, drawing sketch, draft, index, list, tape, photograph, data stored on computer disks or otherwise electronically or magnetically stored, microfilm, data sheet, or data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however printed, typed, written, recorded, produced or reproduced, which is in your possession, custody, control or which was, but is no longer, in your possession, custody, or control.

b.    **"Person"** means any natural person and any company, corporation, partnership, unincorporated association, government agency, other entities doing business, and all forms of organization or association.

c.    **"You"** or **"your"** means you, the Defendant and, as applicable, each of your attorneys, agents, representatives, employees, assigns, officers, directors, council members, staff, affiliates, and owned or controlled entities or agencies.

d.    **"Communication"** means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including (but not limited to) correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

e.    **"Contend"** as used herein means, without limitations, assert, allege, admit, believe, or argue, whether such contention is asserted or not asserted in this action or any other lawsuit.

f.    **"Concerning"** shall mean referring to, alluding to, relating to, connected with, commencing on, in respect of, about, regarding, discussing, showing, tending to show, evidencing, describing, in support of, in substitution of, arising out of, reflecting or analyzing.

g.    **"Identification," "identify," or "identify"**, when used in reference to (a) a natural individual, require you to state his or her full name, present or last known residential and business address, and present or last known employer; (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation, and the address of its principal place of business; a business or governmental agency, require you to state the full name or style under which the business or governmental entity is conducted, their business address or addresses, the types of businesses or activities, and the identity of the person or persons who own, operate, control, head, or direct the business or governmental agency; (c) a document, require you to state the number of pages and the nature and substance of its contents, its title, its date, the name, or names of the authors and recipients and its present location and custodian; (d) a communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communications, and, to the extent that the communication is nonwritten, to

identify the person participating in the communication and to state the date, manner, place and substance of the communication; or (e) a meeting, require you to state the date, place and duration of such meeting, identify each attendee, state what was said by each participant in the course of such meeting; also state whether there are any documents which set forth, memorialize, or refer to such meeting, and if such documents exist, identify each document.

h. **"State the basis" or "statement of the basis"**, when used herein, on or about a position or a particular claim, contention, or allegation, please furnish a full explanation of your position rather than merely stating it; state in your answer the identity of each and every communication and each and every legal theory which you think supports, refers to, or evidences such position, claim, contention, or allegation; identify all witnesses (and matters to which those witnesses will testify); and identify and quote pertinent portions of all documents, or other evidence which support, substantiate or otherwise prove your basis or position, or upon which you otherwise intend to rely.

II. **Objections to Request or Assertions of Privilege**.

If the Defendant or the Defendant's attorneys believe that any of the discovery requests herein are objectionable or call for information or documents subject to a claim of privilege, answer or produce all to which there is not subject to such an objection. Please state that part of each discovery request to which an objection is raised, and set forth the basis for your claim of privilege with respect to such information not being produced, including a statement identifying the nature of the information withheld. In stating this basis and for <u>each</u> document and communications as to which you claim a privilege:

a. Identify and state the type of document being withheld.
b. Identify the particular privilege or objection raised.
c. The date and subject matter of the document or communication.
d. The name of the source of the document or communication.
e. The name(s) of the preparer(s) and/or originator(s) of the document or communication.
f. The names of all persons and parties to whom the document was addressed, delivered, served, copied, and/or presented to, or who participated in, heard, overheard, or were otherwise privy to the communications.
g. For each person or party identified in paragraphs (d) through (f) above, the title, role and/or capacity in which each such person or party was acting concerning, the document or communication.

III. **Lost, Missing, Destroyed or Misplaced Documents**

If any or all documents identified herein are no longer in your possession, custody, or control because of destruction, loss or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who

sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of disposition of the document.

IV. **Computer-Based Information**

In those instances where requested information is stored only on software or other computer-based mediums or data compilations, you must produce the raw data along with all codes and programs for translating it into usable form.

V. **Interrogatories**

1. Please identify every person who participated in the response to these interrogatories and the request for production, including such person's full name, address, phone number and position.

2. Has the Defendant been correctly named in the lawsuit? If not, please identify your correct name, and if you are a corporation, the state of incorporation and place where you principally conduct business.

3. Please identify the names and addresses of each and every person you contend is a witness to any of the allegations or events set forth in the Plaintiff's Complaint and list the address and telephone number if known.

4. Do you plan on calling at the trial of this case an expert witness to testify? If so, please state the names and addresses of each person you expect to call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

5. Identify each person, now known to Defendant, who had any contact with Plaintiff or who has any knowledge relating to the incidents that are alleged in the Complaint.

6. Describe any documents that relate in any manner to Plaintiffs' claim which have been removed from any file or not produced because of the attorney/client privilege or work product doctrine.

7. Identify by name and address, all person or entities involved in the adjustment of the fire loss claim which resulted from the September 17, 2003 fire, which damaged the home of Arcidus Baums located at 703 Brewer Street, Tuskegee 36083.

8. Identify by policy number, all policies of insurance issued by you insuring either real or personal property located at the home of Arcidus Baums, 703 Brewer Street, which would have been effect in September of 2003.

9. Identify any and all payments made by you as a result of the fire occurring on September 17, 2003 at the home of Arcidus Baums, 703 Brewer Street, Tuskegee, Alabama 36083, including, for each such payment:

    a. name and address of the payee;

    b. the number for the policy under which such payment was made;

    c. the amount of the payment; and

    d. the date of such payment

## VI. Request for Production

1. Produce a copy of all documents concerning or relating to all policies of insurance issued by you in effect in September of 2003 covering any real or personal property located at 703 Brewer Street, Tuskegee, Alabama 36083, including, but not limited to, the policy and/or master policy, declaration page(s), underwriting file, claims file, notes, memorandum or correspondence.

2. Produce a copy of all documents and correspondence sent to or received from Plaintiff Arcidus Baums.

3. Produce a copy of all documents and correspondence sent to or received from Regions Mortgage relating to or concerning insurance on real or personal property located at 703 Brewer Street, Tuskegee, Alabama 36083.

4. Produce a copy of all documents and correspondence sent to or received from Crawford & Company relating to any insurance claims for a fire loss occurring on September 17, 2003 at the home of Plaintiff Arcidus Baums, located at 703 Brewer Street, Tuskegee, Alabama 36083.

5. Produce a copy of policy number MIH7710220D, along with all documents concerning or relating to such policy, including, but not limited to, any claims made under this policy.

6. Produce a copy of policy number MIH7710281D, along with all documents concerning or relating to such policy, including, but not limited to, any claims made under this policy.

7. Produce a copy of all documents relating to or concerning Claim No. 61D032602084.

_____
J. David Martin, Esq. (MAR120)
Mitchel H. Boles (BOL029)

**COUNSEL FOR PLAINTIFF - ARCIDUS BAUMS**

**OF COUNSEL:**

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:     (334) 834-1180
Facsimile:     (334) 834-3172