

Not Reported in F.Supp.2d                                                                                           Page 1

Not Reported in F.Supp.2d, 2001 WL 102362 (S.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. Alabama
Southern Division.
John RAISANEN and Linda Raisanen, Plaintiffs,
v.
Donald LOLLEY, et al., Defendants.
**No. Civ.A. 00-0396-P-S.**

Jan. 18, 2001.

*ORDER*
PITTMAN, Senior J.
*1 After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.

It is ORDERED that Plaintiff's motion to remand be GRANTED, and that this case be REMANDED to the Circuit Court of Choctaw County, Alabama, each party to bear its own costs.

*RECOMMENDATION OF MAGISTRATE JUDGE*
STEELE, Magistrate J.
This cause is before the Court on Plaintiffs' Motion to Remand (Doc. 5), Plaintiffs' Brief in Support of Motion to Remand (Doc. 6), and Defendant National Union Fire Insurance Company of Pittsburgh, PA.'s Memorandum Brief in Opposition to Plaintiffs' Motion to Remand (Doc. 9). These matters have been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules of this Court. Upon consideration of all matters presented, and for the reasons set forth herein, it is recommended that Plaintiffs' Motion to Remand be GRANTED.

DISCUSSION

On April 1, 1998, an automobile driven by Plaintiff John Raisanen was involved in an accident with an automobile driven by Reginald Deon Prestage. The automobile accident occurred in Choctaw County, Alabama, and allegedly caused Mr. Raisanen to suffer personal injuries. Mr. Prestage died as a result of the automobile accident. On March 28, 2000, Plaintiffs John and Linda Raisanen (hereinafter "Plaintiffs"), filed a complaint in the Circuit Court of Choctaw County, Alabama, naming Donald Lolley, the administrator of Mr. Prestage's estate, and National Union Fire Insurance Company of Pittsburgh, PA., as Defendants. The complaint seeks damages for injuries and other losses caused by the automobile accident and for bad faith refusal to pay insurance claims. On April 28, 2000, this case was removed from the Choctaw County Circuit Court to the United States District Court for the Southern District of Alabama by Defendant National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "National Union") pursuant to 28 U.S.C. § 1332, contending that the amount in controversy exceeds $75,000.00, and that there is complete diversity of citizenship between the parties. Plaintiffs filed a Motion to Remand asking the Court to remand this case to the Circuit Court of Choctaw County because, according to Plaintiffs, the citizenship of the Plaintiffs and the Defendant is not completely diverse and the requisite amount in controversy is not present.

Original jurisdiction in civil matters may be based on complete diversity of the parties' citizenship and an amount in controversy which exceeds $75,000.00, exclusive of interest and costs. *Darden v. Ford Consumer Finance Company,* 200 F.3d 753, 755 (11th Cir.2000) (*citing* 28 U.S.C. § 1332(a)). When federal subject matter jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *see*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2

Not Reported in F.Supp.2d, 2001 WL 102362 (S.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

*Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1542 (11th Cir.1993) ( "For diversity jurisdiction under 28 U.S.C. § 1332, all defendants must be diverse from all plaintiffs .").

*2 Here, Plaintiffs are residents and citizens of Green Bay, Wisconsin. *See* Plaintiffs' Complaint, page 2; Notice of Removal, page 2. Defendant Donald Lolley (hereinafter "Lolley") is a resident and citizen of Choctaw County, Alabama, and Defendant National Union is a corporation organized and existing under the laws of the state of Pennsylvania. *See* Plaintiffs' Complaint, page 2-3; Notice of Removal, page 2-3. Clearly, in this case, all Plaintiffs are diverse from all Defendants. National Union contends, however, that Lolley was fraudulently joined as a defendant to this case. National Union argues that Plaintiffs improperly joined Lolley in an attempt to defeat diversity jurisdiction and that such misjoinder constitutes fraudulent joinder. National Union maintains that Lolley was improperly joined because Plaintiffs have made no allegation of joint, several, or alternative liability against Lolley and National Union, and that the bad faith claims against National Union are distinct and separate from the claims for negligence and wantonness against Lolley. In support of their position, National Union relies on *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996).

In order for joinder of defendants to be proper, Rule 20 of the Federal Rules of Civil Procedure requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. Fed.R.Civ.P. 20(a). The Eleventh Circuit held in *Tapscott* that a misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. *Tapscott*, 77 F.3d at 1360, *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). The Court stated that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Id.* (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)). The Court, however, specifically stated that "[w]e do not hold that mere misjoinder is fraudulent joinder." *Id.* The Court agreed that, in that case, the plaintiffs' attempt to join certain parties was so egregious as to constitute fraudulent joinder. *Id.*

While it does appear that the claims against Lolley are separate and distinct from the claims against National Union, it does not appear that Lolley was joined in an attempt to defeat diversity jurisdiction. National Union's right of removal has not been defeated by a fraudulent joinder of the resident Defendant (Lolley) since, in this case, Plaintiffs are not citizens of the state of Alabama. As evidence above, all Plaintiffs in this case are diverse from all Defendants, and, according to the Eleventh Circuit, mere misjoinder does not necessarily constitute fraudulent joinder. The undersigned finds that Lolley was not fraudulently joined and that there is complete diversity of citizenship in this case.

*3 As set forth above, this case was removed by National Union from the Circuit Court of Choctaw County, Alabama. Defendant Lolley, however, did not join in the petition for removal. Pursuant to 28 U.S.C. § 1446(a), "a defendant or defendants desiring to remove any civil action ... from a State court shall file in the [appropriate] district court ... a verified petition containing a short and plain statement of the facts which entitle him or them to removal ..." It is well established that the § 1446(a) removal procedure requires that *all defendants* join in the removal petition and that the failure to join all defendants in the petition is a defect in the removal procedure. *In Re Bethesda Memorial Hospital, Inc.*, 123 F.3d 1407, 1410 n. 2 (11th Cir.1997) (emphasis added) (citing *Ocean Marine Mutual Protection & Indemnity*, 3 F.3d 353 (11th Cir.1993)); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir.1970). Nonetheless, " nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded" in determining whether the removing defendants have complied with § 1446(a). *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (S.D.Fla.1983) (quoting *McKinney v. Rodnet C. Hunt Co.*, 464 F.Supp. 59 (W.D.N.C.1978)) (citing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                 Page 3
Not Reported in F.Supp.2d, 2001 WL 102362 (S.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

*Tri-Cities Newspapers,* 427 F.2d 325).

Here, National Union does not contend that Lolley is a nominal or formal party, and as discussed above, the undersigned has determined that Lolley was not fraudulently joined in this case. As such, Lolley was required by 28 U.S.C. § 1446(a) to join in the petition for removal. The failure of all of the state Defendants to join in the petition for removal is a defect in the removal procedure and thus, compels the Court to remand this action to the Circuit Court of Choctaw County, Alabama. *See Woods v. Firestone Tire & Rubber Co.,* 560 F.Supp. at 590.

Accordingly, it is the recommendation of the undersigned Magistrate Judge that Plaintiffs' Motion to Remand be GRANTED and that this case be REMANDED to the Circuit Court of Choctaw County.

The attached sheet contains important information regarding objections to this recommendation.

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. *Objection.* Any party who objects to this recommendation, or anything in, it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)( *en banc* ). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:
*4 A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

S.D.Ala.,2001.
Raisanen v. Lolley
Not Reported in F.Supp.2d, 2001 WL 102362 (S.D.Ala.)

Briefs and Other Related Documents (Back to top)

• 1:00cv00396 (Docket) (Apr. 28, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.