Westlaw.

Slip Copy                                                                                                          Page 1

Slip Copy, 2005 WL 3149381 (M.D.Ga.)
**(Cite as: Slip Copy)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,M.D. Georgia, Macon Division.
Glenn Thomas RAMEY, Sr., Individually and as surviving spouse of Edith W. Ramey, deceased, and Glenn Thomas Ramey, Jr., as the Executor of the Estate of Edith W. Ramey, deceased, Plaintiffs,
v.
Alexander GILBERT, Deborah C. Gilbert, and Stonebridge Life Insurance Company, Defendants.
**No. 5:05-CV-244 (CAR).**

Nov. 23, 2005.

Daniel Adams Ragland, Atlanta, GA, for Plaintiffs.
H. Sanders Carter, Jr., Atlanta, GA, for Defendants.

*ORDER ON PLAINTIFFS' MOTION TO REMAND*

ROYAL, J.
*1 This case is currently before the Court on the following three motions: (1) Plaintiffs' Motion to Remand [Doc. 10]; (2) Defendant Stonebridge Life Insurance Company's ("Stonebridge") Motion to Sever [Doc. 2]; and (3) Stonebridge's Motion for Leave to Amend its Notice of Removal [Doc 12]. Having considered the pleadings, all briefs filed, and the relevant case law, this Court concludes that it lacks subject matter jurisdiction over this case and finds that the entire case should be remanded to the Superior Court of Bibb County. Accordingly, Plaintiffs' Motion to Remand [Doc 10] is GRANTED, Stonebridge's Motion to Sever [Doc. 2] is DENIED, and Stonebridge's Motion for Leave to Amend Its Notice of Removal [Doc 12] is DENIED as moot.

BACKGROUND

This case arises from a motor vehicle accident in which Edith Ramey, deceased, sustained serious injuries which Plaintiffs claim led to her death. Plaintiffs are the surviving husband and son of Mrs. Ramey. On June 9, 2005, Plaintiffs filed suit in the Superior Court of Bibb County, Georgia, naming the following three Defendants: (1) Alexander Gilbert, the driver of the automobile Plaintiffs allege negligently caused the subject accident; (2) Deborah Gilbert, the mother of Alexander Gilbert and owner of the vehicle driven by Alexander Gilbert and against whom Plaintiffs assert vicarious liability under Georgia's "family purpose doctrine"; and (3) Stonebridge Life Insurance Company against whom Plaintiffs assert a breach of contract claim for alleged wrongful denial of accidental death benefits.

On July 14, 2005, Stonebridge unilaterally filed its Notice of Removal [Doc. 1] in an attempt to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants Alexander Gilbert and Deborah Gilbert (the "Gilbert Defendants") are citizens of the State of Georgia, and Stonebridge is a Vermont corporation with its principal place of business in Baltimore, Maryland. Contemporaneously with its Notice of Removal, Stonebridge, acknowledging that complete diversity does not exist in this case, filed a Motion to Sever Tort Claims Against Defendants Alexander Gilbert and Deborah [Doc 2]. In its motion to sever, Stonebridge argues that because the Defendants in this case were misjoined under Federal Rule of Civil Procedure 20, this Court should (1) sever Plaintiffs' contract claims against Stonebridge from Plaintiffs' tort claims against the Gilberts, (2) remand Plaintiffs' claims against the (non-diverse) Gilbert Defendants to the Superior Court of Bibb County, and (3) allow Plaintiffs' claims against (diverse) Stonebridge to remain in this Court under diversity jurisdiction.

Thereafter, Plaintiffs filed a Motion to Remand [Doc 10]. In their motion, Plaintiffs argue that Stonebridge's Notice of Removal is improper

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 2

Slip Copy, 2005 WL 3149381 (M.D.Ga.)
**(Cite as: Slip Copy)**

because (1) there is a lack of complete diversity, so there is no basis to assert federal jurisdiction; (2) the Gilbert Defendants did not consent to removal; (3) the Notice of Removal is untimely; and (4) Stonebridge failed to include a "copy of all process, pleadings and orders" as required by 28 U.S.C. § 1446(a).

*2 Because this Court finds there is a lack of complete diversity between the parties, the Court will not address Plaintiffs' other contentions.

## DISCUSSION

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A case that has been removed, however, may be remanded "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The law in this circuit favors remand where federal jurisdiction is not absolutely clear. As stated by the Eleventh Circuit, "where the plaintiff and the defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Because Congress intended for federal jurisdiction to be limited and because courts are to give more weight to a plaintiff's right to choose his forum than to a defendant's right to remove a claim, removal statutes are to be narrowly construed. *Id.*

Under 28 U.S.C. § 1332, federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994). Likewise, removal of a state court civil action is not allowed unless there is complete diversity of citizenship among all of the plaintiffs and all of the defendants. *See e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1286 (11th Cir.1998).

When complete diversity does not exist between the parties, an action may still be removable pursuant to diversity jurisdiction if the joinder of the non-diverse party was fraudulent. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1063 (11th Cir.2000). Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. The Eleventh Circuit has recognized fraudulent joinder in three situations: (1) where there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where there is no outright fraud, but where the improper joinder is so egregious as to constitute fraudulent joinder. *Triggs*, 154 F.3d at 1289. In the instant case, the Court is only concerned with the third type of fraudulent joinder.

The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983), *superceded by statute on other grounds as recognized in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The burden of the removing party is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citations omitted).

*3 In this case, Stonebridge has not met its "heavy" burden of proving to this Court that Plaintiffs' conduct of joining the Gilbert Defendants with Stonebridge is so egregious as to be deemed fraudulent. *See Tapscott*, 77 F.3d at 1359. Stonebridge's argument that the case at hand fits into the *Tapscott* fraudulent misjoinder exception is unpersuasive.

In *Tapscott*, the plaintiffs were two separate classes asserting two separate and unrelated claims against two separate defendants. The first class, citizens of Alabama, asserted claims against defendants, also citizens of Alabama, arising out of the sale of service contracts on automobiles sold in Alabama. The second class of plaintiffs were Alabama citizens asserting claims against a different, diverse, defendant arising out of the sale of extended service

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3

Slip Copy, 2005 WL 3149381 (M.D.Ga.)
**(Cite as: Slip Copy)**

contracts in connection with the sale of retail products. Because there was no reason that these two, unrelated sets of claims should be joined, the court in *Tapscott* found the joinder of such claims so egregious as to constitute fraudulent joinder and severed the two classes and the two claims. *Id; see also Triggs,* 154 F.3d at 1289 (discussing the holding in *Tapscott*).

Stonebridge merely argues that the Defendants were misjoined under Rule 20 and fails to prove that the alleged misjoinder is so egregious as to be fraudulent joinder. In fact, Stonebridge does not even contend that Plaintiffs' misjoinder in this case is egregious. Instead, it merely calls the misjoinder "blatant." Nowhere in either its motion to sever or its response to Plaintiffs' motion to remand does Stonebridge use the word "egregious." Although Stonebridge does contend that the misjoinder in this case is "blatant," "blatant" misjoinder is not the equivalent of "egregious."

Stonebridge argues it was improperly joined with the Gilbert Defendants because (1) Plaintiffs have made no allegation of joint, several or alternative liability against the Gilbert Defendants and Stonebridge, and (2) that the breach of contract and bad faith claims Plaintiffs asserted against Stonebridge are distinct and separate from the tort claims asserted against the Gilbert Defendants. To put it more simply, Defendant Stonebridge contends the parties were misjoined under Rule 20. Rule 20 states "[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20. The Eleventh Circuit has specifically stated that "[w]e do not hold that mere misjoinder is fraudulent joinder." *Tapscott,* 77 F.3d at 1360.

Furthermore, the facts of this case are readily distinguishable from those in *Tapscott*. Unlike the plaintiffs in *Tapscott,* Plaintiffs here are not two separate classes asserting separate claims against two different defendants. Here, Plaintiffs are the husband and son of a woman who was injured in an automobile accident suing the driver and owner of the other automobile involved in the accident and the insurance company who denied accidental death benefits claimed as a result of the same automobile accident. Even if the Court were to find Stonebridge's arguments persuasive that Plaintiffs misjoined the Gilbert Defendants and that the connection between the two controversies is tenuous, the Court does not find there is an "improper and fraudulent joinder bordering on a sham." *Tapscott,* 77 F.3d at 1360.

*4 Stonebridge also claims that Plaintiffs joined the Gilbert Defendants and Stonebridge only in an attempt to defeat diversity jurisdiction. However, Stonebridge gives the Court no reason to believe such an assertion. A plaintiff's motivation for joining a defendant is not important so long as the plaintiff has the intent to pursue a judgment against the defendant. *Triggs,* 154 F.3d at 1291. The Supreme Court has stated that "on the question of removal, we have not to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it ... as the record stood when the removal was denied." *Chi., Rock Island & Pac. Ry. Co. v. Schwyhart,* 227 U.S. 184, 194, 33 S.Ct. 250, 251, 57 L.Ed. 473 (1913). The Supreme Court further stated that "the motive of the plaintiff, taken by itself, does not affect the right to remove." *Id.* This Court does not find any evidence that Plaintiffs' joinder of the Defendants was in bad faith.

Because the Court finds that Stonebridge has not met its burden of proving fraudulent joinder, the parties lack complete diversity. Therefore, the requirements for diversity jurisdiction are not met, and the Court must remand this entire case to state court for lack of federal subject matter jurisdiction.

CONCLUSION

Because the Court finds that it lacks federal subject matter jurisdiction, this entire case is HEREBY REMANDED to the Superior Court of Bibb County, Georgia. Therefore, Plaintiff's Motion to Remand is GRANTED, Defendant Stonebridge's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 4
Slip Copy, 2005 WL 3149381 (M.D.Ga.)
**(Cite as: Slip Copy)**

Motion to Sever is DENIED and Defendant Stonebridge's Motion for Leave to Amend its Notice of Removal is DENIED as moot.

SO ORDERED.

M.D.Ga.,2005.
Ramey v. Gilbert
Slip Copy, 2005 WL 3149381 (M.D.Ga.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2671230 (Trial Motion, Memorandum and Affidavit) Brief of Defendant Stonebridge Life Insurance Company in Opposition to Plaintiff's Motion to Remand (Sep. 8, 2005) Original Image of this Document (PDF)
• 2005 WL 2671229 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion to Remand and in Opposition to Defendant Stonebridge Life's Motion to Sever Tort Claims (2005) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.