# Exhibit C

Briefs and Other Related Documents

United States District Court, E.D. Louisiana.
Nicholas MANZELLA et al.
v.
UNITED PARCEL SERVICE INC. et al.
**No. CIV.A. 02-1800.**

Sept. 10, 2002.

ORDER AND REASONS

WILKINSON, Magistrate J.

**\*1** Plaintiffs, Nicholas Manzella ("Manzella") and his wife, Cynthia Manzella, sued Manzella's former employer, United Parcel Service Inc., United Parcel Service Company of Delaware (collectively referred to as "UPS") and Manzella's former supervisor, Gregory Patterson, in the 24th Judicial District Court for the Parish of Jefferson. Without citing any statutory basis for their claims, the Petition for Damages asserts that UPS, through Patterson's actions, discriminated against Manzella on the basis of his race and subjected him to a racially hostile work environment. The petition further asserts that Patterson intentionally inflicted emotional distress on Manzella and that Mrs. Manzella suffered a loss of consortium as a result of defendants' actions. Plaintiffs pray for compensatory damages, front and back pay, attorney's fees and punitive damages. Record Doc. No. 1, Petition for Damages.

Having reviewed the petition, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that plaintiffs' motion to remand is GRANTED.

I. *PROCEDURAL BACKGROUND*

Defendants timely removed plaintiffs' action to this court, alleging both federal question jurisdiction based solely on Manzella's alleged Title VII claims and diversity of citizenship jurisdiction. Although plaintiffs and Patterson are Louisiana citizens, UPS contends that Patterson was fraudulently joined to defeat diversity jurisdiction. Record Doc. No. 1, Notice of Removal. This matter was referred to the undersigned Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 8.

Plaintiffs filed a motion to remand, supported by Manzella's affidavit, in which they argue that this court lacks subject matter jurisdiction because their claims arise solely under state law and diversity of citizenship is not complete. Record Doc. No. 6. Defendants filed a timely opposition memorandum, supported by a declaration under penalty of perjury and some exhibits, in which they contend that the court has federal question jurisdiction because the petition allegedly asserts claims under Title VII. Furthermore, based on Manzella's affidavit attached to his motion to remand, defendants argue that Manzella's intentional infliction of emotional distress claim is preempted by the Labor Management Relations Act, thus raising an additional federal question. Record Doc. No. 9.

It is undisputed that the two corporate defendants are citizens of states other than Louisiana and that the amount in controversy exceeds the jurisdictional amount. Thus, defendants argue alternatively that complete diversity of citizenship exists because Patterson was allegedly fraudulently joined to defeat jurisdiction. Record Doc. No. 9.

After the court heard oral argument on the motion to remand, defendants received leave to file a supplemental memorandum to address a question raised by the court concerning the alleged preemption of plaintiff's intentional infliction of emotional distress claim by the Labor Management Relations Act. Record Doc. Nos. 12, 13. Plaintiffs requested and received leave to file a reply to defendants' supplemental memorandum. Record Doc. Nos. 14, 15. Defendants responded by obtaining leave to file a Sur Reply Opposing Motion to Remand. Record Doc. Nos. 16, 17.

II. *ANALYSIS*

A. *There Is No Fraudulent Joinder and No Diversity Jurisdiction*

**\*2** One of the grounds on which defendants removed this action is diversity of citizenship. They contend that Louisiana resident Patterson was fraudulently joined to defeat federal diversity jurisdiction. Record Doc. No. 1, Notice of Removal, Section III at ¶ 's 14-17. Plaintiffs respond that they state a claim against Patterson for intentional infliction of emotional distress, which precludes this court from exercising diversity jurisdiction.
The burden of proving a fraudulent joinder is a heavy

Not Reported in F.Supp.2d                                                                                                                         Page 2
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Because no one disputes that the [Manzellas] and [Patterson] are [Louisiana] residents, our sole concern is whether there is a possibility that [the Manzellas] ha[ve] set forth a valid cause of action against [Patterson]. We evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party.

Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir.1995) (quotations omitted); accord Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir.1999).

The Fifth Circuit "has endorsed a summary judgment-like procedure for reviewing fraudulent joinder claims. Thus, while we have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction, a federal court may consider summary judgment-type evidence such as affidavits and deposition testimony when reviewing a fraudulent joinder claim." Id. at 700 (quotations and citations omitted).

Having considered the petition and Manzella's affidavit in the light most favorable to plaintiffs, I do *not* find that there is absolutely no possibility that Manzella will be able to prove his claim of intentional infliction of emotional distress against Patterson. Accordingly, defendants have failed to establish fraudulent joinder, there is not complete diversity of citizenship and this court lacks diversity jurisdiction.

B. Plaintiffs' Petition Contains No Basis for Federal Question Jurisdiction *Under Title VII*

Defendants alternatively asserted federal question jurisdiction in their notice of removal based exclusively on Title VII. Record Doc. No. 1, Notice of Removal, Section II at ¶ 's 3-5. Plaintiffs' petition does not expressly state any statutory basis for their claims. In their motion to remand, plaintiffs contend that they have brought only state law claims, over which the court has no federal question jurisdiction. Defendants argue that, because Manzella's discrimination claims arise under Title VII as well as under Louisiana's anti-discrimination law, Title VII provides a basis for federal question jurisdiction.

**\*3** "To determine whether jurisdiction is present, the court considers the claims in the state court petition as they existed at the time of removal. Any ambiguities are construed *against removal* because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002) (citations omitted) (emphasis added).

"Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.' " Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188 (5th Cir.2001) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir.2001) (quotation omitted).

In the instant case, the petition contains no express references to Title VII. Defendants cite two facts to support their argument that Manzella has stated a claim under Title VII:(1) the petition's prayer for punitive damages, which are available under Title VII but not under Louisiana's anti-discrimination law, and, (2) although it was not mentioned in the petition, Manzella's filing of a charge with the Equal Employment Opportunity Commission ("EEOC") and his receipt of a right to sue letter.

The court finds these facts insufficient to infer a Title VII cause of action from plaintiffs' petition. At best, they pose ambiguities, which must be construed against removal. Manguno, 276 F.3d at 723. The case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained more substantial references to Title VII than in the instant case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir.1997); Mink v. General Motors Corp., 72 F.3d 130, 1995 WL 723180, at \*2-3 (6th Cir.1995); Ginsberg v. Paramount Comms. Corp., 52 F.3d 333, 1995 WL 163506, at \*1-2 (9th Cir.1995); Addison v. Grillot Land & Marine, L.L.C., No. 02-01251, 2002 WL

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:06-cv-00558-MEF-TFM    Document 12-4    Filed 08/14/2006    Page 3 of 8

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

1298761, at *2 (E.D. La. June 10, 2002) (Engelhardt, J.); Stephens v. Cowles Media Co., 995 F.Supp. 974, 976, 977-78 (D.Minn.1998) (Tunheim, J.); Lyles v. Citicorp Credit Servs., Ltd., No. 3:97-CV-0599-G, 1997 WL 810027, at *1-2 (N.D.Tex. Dec. 30, 1997) (Fish, J.); Elliott v. LTD Direct Mktg., Inc., 1 F.Supp.2d 1031, 1033 (D.Ariz.1997) (Browning, J.); Degruise v. NPC Int'l, Inc., 950 F.Supp. 168, 169 (N.D.Miss.1997) (Senter, C.J.).

The court also notes that the Louisiana Employment Discrimination Law, under which plaintiffs bring their discrimination claims, includes a notice provision.

**\*4** A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La.Rev.Stat. § 23:303(C). Decisions by federal district courts in Louisiana that have interpreted this notice provision and its virtually identical counterpart in the Louisiana Civil Rights for Handicapped Persons Act, La.Rev.Stat. § 46:2256(B), have held that a plaintiff who filed a charge of discrimination with the EEOC within the appropriate time period effectively accomplished the same goals as the statutory notice under state law. Pugh v. J.C. Penney, No. 95-3846, 1996 WL 263219, at *5 (E.D.La. May 15, 1996) (Wilkinson, M.J.); Snear v. Turnbull Cone Baking Co., No. 93-2761, 1994 WL 34031, at *3-4 (E.D.La. Jan. 23, 1994) (Livaudais, J.). These cases indicate that Manzella's pursuit of the EEOC administrative procedure does not preclude a finding that he was pursuing his rights under state, rather than federal, law.

The cases cited by defendants are not on point. First, Hall v. City of Alexandria, 111 F.Supp.2d 785 (W.D.La.2000) (Little, C .J.), is not a discrimination case. Second, in *In re Industrial Life Ins. Litig.*, No. Civ. A. MDL 1371, 2002 WL 1359748, at *1 (E.D. La. June 4, 2002) (Feldman, J.), plaintiff alleged that defendants engaged in race-based underwriting practices that discriminated against African-Americans. The court found that plaintiff stated a claim under federal law because Mississippi law provided no cause of action for race discrimination. *Id.* at *2. That is not the instant case, where Louisiana law indisputably provides such a cause of action.

Finally, in a case cited in defendants' Sur Reply Opposing Motion to Remand, then-District Judge Clement held that the plaintiff's petition necessarily arose under Title VII because it stated no statutory basis for his claim, he specifically alleged that defendants' actions "were in willfull, wanton, and reckless disregard for [his] *constitutional rights* " and he prayed for punitive damages. Caravanas v. Hall, No. 991405, 1999 WL 605491, at *2 (E.D.La. Aug. 10, 1999) (Clement, J.) (emphasis added). In the instant case, plaintiffs' petition merely prays for punitive damages. It does not allege willful, wanton and reckless conduct or violation of constitutional rights. Plaintiffs' attorney explained at oral argument that he included the prayer for punitive damages in an abundance of caution in the event that the Louisiana legislature passed legislation (which had been introduced) permitting an award of punitive damages under Louisiana's anti-discrimination law.

"Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 809 n. 6 (1986). "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995). "[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction." *Id.*

**\*5** Accordingly, I find that even if plaintiffs' prayer for punitive damages is a vague reference to federal law, this reference and Manzella's exhaustion of the EEOC review process are insufficient to give rise to a Title VII claim or federal jurisdiction.

C. Manzella's Intentional Infliction of Emotional Distress Claim Is Preempted *by the Labor Management Relations Act*

As previously noted, defendants pled Title VII as the sole basis for federal question jurisdiction in their notice of removal. Defendants stated, under the heading "Federal Question": "Plaintiffs' Petition Alleges a Claim for Discrimination Pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et seq." Record Doc. No. 1, Notice of Removal, at p. 2. "Plaintiffs' suit seeking punitive damages, states a federal claim and is therefore subject to removal pursuant to 28 U.S.C. § 1441(b)." *Id.* at p. 3. "Because the United States District Courts have

Not Reported in F.Supp.2d                                                                                               Page 4
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

jurisdiction over Title VII claims ..., this suit is removable ... pursuant to 28 U.S.C. § 1441(b) ....” *Id.* at p. 4. As discussed above, I have rejected Title VII as a jurisdictional base in this case.

Defendants now assert, based on the factual allegations of Manzella's affidavit, that his intentional infliction of emotional distress claim raises a claim under the Labor Management Relations Act. 29 U.S.C. § 185 et seq. Defendants contend that Manzella's employment relationship with UPS was governed by a collective bargaining agreement that is "inextricably intertwined" with the facts giving rise to his intentional infliction of emotional distress claim and that the court must interpret the collective bargaining agreement to resolve that claim. Defendants argue that the Labor Management Relations Act, specifically Section 301 of that Act, completely preempts the field of labor relations governed by a collective bargaining agreement, such that Manzella's alleged assertion of a claim under the Act provides a basis for federal question jurisdiction.

UPS cites two Fifth Circuit cases for the proposition that Manzella's intentional infliction of emotional distress claim is preempted and that the preempted claim provides this court with federal question jurisdiction. Having reviewed those cases and conducted additional research in this area of the law of the Fifth Circuit and the United States Supreme Court, I agree.

Judge Vance of this court succinctly summarized the law of preemption of state law claims under the Labor Management Relations Act.
Section 301 of the [Labor Management Relations Act] provides federal courts with jurisdiction and remedies to resolve employment disputes brought by individuals covered under a [collective bargaining agreement] between the individual's employer and union. A state law claim is preempted if it is "inextricably intertwined" with the [collective bargaining agreement] or hinges upon an interpretation of the agreement. In contrast, Section 301 does not preempt claims only tangentially involving provisions of the [collective bargaining agreement]. A state action is independent of the [collective bargaining agreement] if the resolution of the state law claim depends on purely factual questions and not upon the terms of the agreement.

**\*6** *Jupiter v. Bellsouth Telecomms., Inc.,* No. 99-628, 1999 WL 1009829 (E.D.La. Nov. 5, 1999) (Vance, J.) (citing *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407-11 (1988); *Thomas v. LTV Corp.,* 39 F.3d 611, 617 (5th Cir.1994); *McCall v. McQueen,* 962 F.Supp. 890, 892 (E.D.La.1997)).

An assertion of preemption as an affirmative defense generally will not confer federal question jurisdiction, unless the area of law has been completely preempted, such as by the Labor Management Relations Act.
Where removal jurisdiction is predicated on the existence of a federal question, the federal question generally must appear on the face of the plaintiff's complaint. The removing defendant's interjection of a federal defense is normally insufficient to remove the case. One exception to this rule, however, occurs where an area of state law has been completely preempted by federal law. Controversies involving collective bargaining agreements, where section 301 of the [Labor Management Relations Act], provides the grounds for preemption, constitute such an area of preemption.

*Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274, 278 (5th Cir.1994) (citing 29 U.S.C. § 185(a); *Caterpillar Inc.,* 482 U.S. at 391, 393, 394; *Lingle,* 486 U.S. at 399).

The Fifth Circuit in *Baker* explained why complete preemption of an intentional infliction of emotional distress claim is not merely an affirmative defense.
It has been said that if issues involving section 301 arise only as a defense, there is no preemption. "[A] defendant's reliance on a [collective bargaining agreement] term purely as a defense to a state law claim does not result in section 301 preemption." Here, defendants assert that, in order to meet his burden of proof on the state intentional infliction of emotional distress claim, Baker must rely on the [collective bargaining agreement] to establish that their actions in reassigning him to the maintenance position were extreme and outrageous; thus their dependence on the [collective bargaining agreement] for removal purposes is not purely defensive.

*Id.* at n. 3 (quoting *Fox v. Parker Hannifin Corp.,* 914 F.2d 795, 800 (6th Cir.1990)). In *Baker,* "[d]efendants removed this action to federal court on the grounds that resolution of Baker's intentional infliction of emotional distress claim required interpretation of the [collective bargaining agreement]. This claim implicates preemption under section 301 of the [Labor Management Relations Act], which vests jurisdiction in the federal courts to hear claims for violation of labor contracts." *Id.* at 278. After examining plaintiff Baker's allegations that defendants' assignment to him of menial duties

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

constituted intentional infliction of emotional distress, the Fifth Circuit ruled that "[b]ecause Baker's claim requires analysis of the [collective bargaining agreement] to determine whether the defendants' actions in reassigning him to the maintenance position were extreme and outrageous, a necessary element of his state law claim, his claims ... are preempted by section 301. The district court did not err in denying his motion to remand." *Id.* at 282. In other words, preemption of Baker's intentional infliction of emotional distress claim vested the court with federal jurisdiction.

**\*7** The Fifth Circuit has consistently held, on facts similar to those alleged by Manzella in his petition as expanded upon by his affidavit, that a unionized employee's claim of intentional infliction of emotional distress, when it is based on actions by the employer concerning such matters as job assignments and termination, is preempted by the Labor Management Relations Act because it will necessarily require interpretation of the collective bargaining agreement which governs the employment relationship. That preemption provides the basis for federal question removal jurisdiction. *Smith v. Houston Oilers, Inc.,* 87 F.3d 717, 720-21 (5th Cir.1996); *Reece v. Houston Lighting & Power Co.,* 79 F.3d 485, 487 (5th Cir.1996); *Thomas,* 39 F.3d at 619; *Baker,* 34 F.3d at 278, 280-82, 283; *Burgos v. Southwestern Bell Tel. Co.,* 20 F.3d 633, 636 (5th Cir.1994); *Bagby v. General Motors Corp.,* 976 F.2d 919, 921 (5th Cir.1992); *Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254, 1255-56 (5th Cir.1990). Under these authorities, I find that Manzella's intentional infliction of emotional distress claim is preempted by the Labor Management Relations Act.

Although defendants accurately contend that the Labor Management Relations Act preempts Manzella's intentional infliction of emotional distress claim, which would provide the basis for federal question jurisdiction, the court must examine whether defendants have timely asserted that basis for jurisdiction.

### D. The Assertion of Jurisdiction Under the Labor Management Relations Act *Is Untimely and Provides No Basis for Federal Question Jurisdiction*

As previously stated, defendants pled Title VII as the only basis for federal question jurisdiction in their notice of removal. Defendants asserted for the first time in their memorandum in opposition to plaintiffs' motion to remand, Record Doc. No. 9, that Manzella's intentional infliction of emotional distress claim raises a claim under the Labor Management Relations Act and provides a basis for federal question jurisdiction. They contend that they did not receive notice of that basis for jurisdiction until Manzella expanded on his factual allegations in his affidavit attached to his motion to remand.

The UPS defendants were served with the state court lawsuit on May 24, 2002. All defendants removed [FN1] the case on June 14, 2002, within the 30-day removal period provided by 28 U.S.C. § 1446(b), asserting federal question jurisdiction exclusively under Title VII and diversity of citizenship jurisdiction. Although plaintiffs' state court petition clearly stated an intentional infliction of emotional distress claim based on allegedly wrongful discharge and defendants obviously were aware that Manzella was an employee whose allegations of improper termination were related to a collective bargaining agreement, no allegation of federal jurisdiction under the Labor Management Relations Act was included in the notice of removal.

> FN1. Defendant Patterson has never been served, but he consented to the removal. Notice of Removal, Record Doc. No. 1.

**\*8** Plaintiffs filed their motion to remand for lack of subject matter jurisdiction. Defendants filed their memorandum in opposition to the motion on August 8, 2002, six weeks after the 30-day removal period prescribed by 28 U.S.C. § 1446(b) had expired.

There is "a well-recognized rule that a party may not amend its removal notice more than thirty days after removal to assert a new ground for removal." *Davis v. Life Investors Ins. Co. of Am., Inc .,* No. 3:01CV799, 2002 WL 1784224, at \*2 (S.D.Miss. Feb. 8, 2002) (Lee, C.J.). While an exception to this rule permits untimely amendments of jurisdictional allegations that are merely defective, the rule is routinely enforced to prevent a party from asserting a new substantive basis for jurisdiction after the 30-day removal period has expired. The *Davis* court recently and accurately summarized the law in this area as follows.

In *Blakeley v. United Cable System,* 105 F.Supp.2d 574 (S.D.Miss.2000) [ (Lee, C.J.) ], this court ... noted that "[w]ithin the thirty-day period (for removal) prescribed by § 1446(b), a defendant may freely amend its notice of removal," *id.* at 578, and observed further that in the view of the majority of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:06-cv-00558-MEF-TFM   Document 12-4   Filed 08/14/2006   Page 6 of 8

Not Reported in F.Supp.2d                                                                                                Page 6
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

courts, at least in more recent times, a defendant may still be allowed to amend its removal petition even after expiration of this thirty-day period in order to cure defective allegations of jurisdiction, *id.* (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145, 146 (5th Cir.1979)) (holding that amendment of removal petition was properly allowed to correct jurisdictional allegations in removal petition which were defective or faulty due to defendants' failure to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed; missing allegation was not a fatal omission which could not be cured by amendment). The court explained:

The authorization for such amendments derives from 28 U.S.C. § 1653, which states that "defective allegations of jurisdiction may be amended ... in the trial and appellate courts." Thus, where a defendant, for example, has alleged the existence of diversity jurisdiction in its removal petition but has failed to allege all of the specific facts, or has incorrectly alleged some of the facts underlying its jurisdictional conclusion, courts have allowed amendments to cure these deficiencies....

*Id.* at 578-79. The court went on to note, though, that the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to "amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal," and that *amendments to remedy "a substantive defect in the [removal] petition", i.e., to add a new basis for federal jurisdiction, are not permitted. See, e.g., Briarpatch Ltd. v. Pate,* 81 F.Supp.2d 509, 516-17 (S.D.N.Y.2000) ("[f]ailure to assert federal question jurisdiction as a basis for removal is a substantive defect" which defendant may not cure by amendment after expiration of thirty-day time limit of § 1446(b)); *Stein v. Sprint Communications Co.,* 968 F.Supp. 371, 374 (N.D.Ill.1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition"); *Wright v. Combined Ins. Co.,* 959 F.Supp. 356, 359 (N.D.Miss.1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. *He may not allege new jurisdictional grounds for removal.*"); *Spillers v. Tillman,* 959 F.Supp. 364, 372 (S.D.Miss.1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Lowes v. Cal Dive Int'l, Inc.,* No. 97-407, 1997 WL 178825 (E.D.La.1997) [ (Sear, C.J.) ] (recognizing that "[w]hile defendants may freely amend their notice of removal within thirty days of service, *they may not add new grounds for removal* after the thirty day period has expired"); *Iwag v. Geisel Compania Maritima,* 882 F.Supp. 597, 601 (S.D.Tex.1995) (observing that "[s]ection 1653 *does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading,*" and thus holding that court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice"); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733, at 358-61 (3d ed. 1998) ("[T]he notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice .... *Completely new grounds for removal jurisdiction may not be added ....*").

**\*9** *Davis,* 2002 WL 1784224, at \*2 (emphasis added).

Thus, "Section 1653 does not permit a removing party to assert additional grounds of jurisdiction not included in the original pleading." *Fuller v. Exxon Corp.,* 131 F.Supp.2d 1323, 1327-28 (S.D.Ala.2001) (citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989); *Stafford v. Mobil Oil Corp.,* 945 F.2d 803 (5th Cir.1991); *American Educators Fin. Corp. v. Bennett,* 928 F.Supp. 1113, 1115 (M.D.Ala.1996); Wright, Miller & Marcus, *Federal Practice and Procedure* § 3733, at 358-61).

When the newly asserted jurisdictional basis is substantive and existed before the removal period expired, the courts have denied leave to amend the removal notice to assert the new basis. For example, in *Iwag v. Geisel Compania Maritima,* 882 F.Supp. 597 (S.D.Tex.1995), defendants removed based on federal question jurisdiction, alleging that plaintiffs' state court petition stated a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* at 601. Six months later, defendants filed a "Supplementary Notice of Removal," alleging that plaintiffs' petition included a penalty wage claim under a federal statute that protects seamen's wages, which also provided an additional basis for federal question jurisdiction. *Id.* The court held that "the second notice of removal does not fall within the scope of amendments allowed under § 1653. The

Not Reported in F.Supp.2d                                                                                                           Page 7
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

Supplementary Notice of Removal is untimely and, accordingly, will not be considered." *Id.*

Similarly, defendants in *American Educators Financial Corp.* removed the action based on federal question jurisdiction because of plaintiffs' allegations of copyright infringement in their state court complaint. However, the copyright infringement allegations had actually been deleted from the state court complaint by plaintiffs' amendment a few hours before the removal. *American Educators Fin. Corp., 928 F.Supp. at 1115*. Defendants then sought to amend their notice of removal to assert both bankruptcy removal jurisdiction and other bases of federal question jurisdiction that had not been stated in the original notice. *Id.* The court held that "these are clearly new grounds" of jurisdiction, which cannot be asserted after expiration of the removal period. Therefore, the court denied the amendment. *Id.*

In the instant case, defendants did not assert any jurisdictional basis under the Labor Management Relations Act in their notice of removal, although plaintiffs' petition included a claim for intentional infliction of emotional distress based on defendants' actions in allegedly terminating Manzella's employment wrongfully. Defendants now argue that plaintiff's intentional infliction of emotional distress claim is "inextricably intertwined" with the collective bargaining agreement, particularly because Manzella already grieved his wrongful termination claim under that agreement and the court would have to examine the agreement to determine whether UPS deviated from it. Defendants had enough information from the petition, which clearly alleged that plaintiff's wrongful discharge constituted intentional infliction of emotional distress, to allege in their removal petition that jurisdiction might exist under the Labor Management Relations Act. Specifically, the petition asserted that "[t]he disparate treatment by defendant Patterson reached a pinnacle when Manzella was *terminated on May 30, 2001 because of activity which allegedly violated United Parcel Service policy,*" Record Doc. No. 1, Petition ¶ VII (emphasis added), and "Patterson intentionally inflicted emotional distress upon Manzella by subjecting him to disparate treatment on account of his race and *by terminating Manzella ....*" *Id.* ¶ XI (emphasis added).

**\*10** "An emotional distress claim under Louisiana law requires that the plaintiff establish three elements: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that such distress would be substantially certain to result from the conduct." *Morris v. Dillard Dep't Stores,* 277 F.3d 743, 756 (5th Cir.2001) (citing *Nicholas v. Allstate Ins. Co.,* 765 So.2d 1017, 1022, 1024-25 (La.2000); *White v. Monsanto Co.,* 585 So.2d 1205, 1209 (La.1991)).

Defendants argue in their original opposition to plaintiffs' motion to remand that Manzella's wrongful discharge allegation "has been grieved as required under the [collective bargaining agreement]. Therefore, in order to evaluate the 'outrageous' nature of this allegation, the Court will be required to do nothing more than judicially review the decision of the grievance process," which necessarily confers jurisdiction under the Labor Management Relations Act. Record Doc. No. 9, Defendants' Opposition to Motion to Remand, at p. 8. Defendants argue in their supplemental opposition memorandum that Manzella's wrongful discharge allegation "is nothing more than a claim that Mr. Patterson breached the [collective bargaining agreement] in dealing with [Manzella]." Record Doc. No. 13, at p. 3; *see also id.* at p. 4 ("Manzella's claim that he was wrongfully discharged is clearly guided by the employment contract. Mr. Manzella recognized as much by grieving the issue."). These are facts which obviously were well known by defendants at the time they filed their Notice of Removal and within the 30-day removal period. Because Manzella's claim that his allegedly wrongful discharge constitutes intentional infliction of emotional distress was clearly stated in the state court petition, defendants were put on notice of that claim, and its basis in the Labor Management Relations Act, by the petition.

Defendants' second jurisdictional theory under the Labor Management Relations Act is a new, substantive, jurisdictional basis, which was not included in their Notice of Removal and was raised *after* the 30-day removal period had expired. It is untimely and the case law establishes that it cannot be allowed. Therefore, federal question jurisdiction does not exist and this action must be remanded to state court. *Lastih v. Elk Corp.,* 140 F.Supp.2d 166, 168 (D.Conn.2001); *Fuller,* 131 F.Supp.2d at 1329; *Blakeley,* 105 F.Supp.2d at 578-79; *Briarpatch Ltd.,* 81 F.Supp.2d at 517-18; *Stein,* 968 F.Supp. at 374, 376; *American Educators Fin. Corp.,* 928 F.Supp. at 1115; *Iwag,* 882 F.Supp. at 601, 605-06; *Holt v. Lockheed Support Sys., Inc.,* 835 F.Supp. 325, 327 (W.D.La.1993) (Hunter, J.); *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 491-92 (E.D.La.1990) (Sear, J.).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                                    Page 8
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288
**(Cite as: Not Reported in F.Supp.2d)**

CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiffs' motion to remand this action to the 24th Judicial District Court for the Parish of Jefferson is GRANTED. The Clerk of Court is directed to close this case in this court and send a copy of this order to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson.

E.D.La.,2002.
Manzella v. United Parcel Service Inc.
Not Reported in F.Supp.2d, 2002 WL 31040170 (E.D.La.), 170 L.R.R.M. (BNA) 3288

Briefs and Other Related Documents (Back to top)

• 2:02CV01800 (Docket) (Jun. 14, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.