IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ARCIDUS BAUMS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **3:06-cv-00558-MEF** |
| ) | |
| **GENERAL INSURANCE COMPANY OF** ) | |
| **AMERICA; CITY OF TUSKEGEE;** ) | |
| **et al.** ) | |
| ) | |
|     **Defendants.** ) | |

## **MOTION TO STRIKE**

Plaintiff Arcidus Baums moves to strike Exhibit 1 to Defendant General Insurance Company of America's Opposition and Reply to Plaintiff's Motion to Remand, and as grounds therefor, states as follows:

In opposing Plaintiff's Motion to Remand, General Insurance attempts to rely on a letter dated August 7, 2006 from counsel for the City of Tuskegee to counsel for General Insurance. [Opposition and Reply, Exhibit 1]. In this letter, counsel for the City makes an offer to General Insurance not to take any action against Plaintiff's property until a reasonable time following the conclusion of this litigation and provides the speculative opinion that if Plaintiff had come to the City before filing suit, he "could have received a stay of proceedings…." This letter is inadmissible and due to be stricken for the following reasons:

    1.    It is not properly authenticated under Rule 901 of the Federal Rules of Evidence.

    2.    The letter constitutes inadmissible hearsay (under Rules 801 and 802 of the Federal Rules of Evidence) which cannot be considered in the context of a Motion to Remand. *Stoudemire v. Provident Life and Acc. Ins. Co.* 24 F.Supp.2d 1252, *1257 (M.D.Ala.,1998) (striking

inadmissible hearsay submitted in the context of a motion to remand); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, *9 (M.D.Ala. 2005) (attached as Exhibit A) (holding that "[t]he court cannot consider hearsay in ruling on the fraudulent joinder issue.").

3.     The unsworn statements of an attorney for a party do not constitute even constitute evidence which can be considered by this Court. *See American Nat. Bank & Trust Co. of Mobile v. Long*, 207 So.2d 129, 132 (Ala. 1968) (holding that "[t]he unsworn statement of counsel was not evidence…."); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1236 (M.D.Ala. 2000) (recognizing that "the opinions, allegations, and conclusory statements of counsel do not substitute for evidence…").

WHEREFORE, for the reasons set forth hereinabove, the August 7, 2006 letter submitted by General Insurance in support of its Opposition to Plaintiff's Motion to Remand is due to be stricken.

/s J. David Martin
J. David Martin, Esq. (MAR120)
Mitchel H. Boles (BOL029)

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:     (334) 834-1180
Facsimile:     (334) 834-3172
Email:  martin@copelandfranco.com
Email:  boles@copelandfranco.com

**COUNSEL FOR PLAINTIFF - ARCIDUS BAUMS**

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Katy Smith Campbell**
  kcampbell@csspca.com ebryant@csspca.com
- **Ronald G. Davenport**
  rgd@rsjg.com cc@rsjg.com
- **LaTasha Antoinette Meadows**
  lmeadows@csspca.com tmarshall@csspca.com

/s J. David Martin
Of Counsel