IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARCIDUS BAUMS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CASE NO. 3:06-cv-558-MEF |
| | * |
| GENERAL INSURANCE COMPANY | * |
| OF AMERICA, CITY OF TUSKEGEE, | * |
| et al., | * |
| | * |
| Defendants. | * |

**OPPOSITION TO MOTION TO STRIKE**

Plaintiff has filed a motion to strike Exhibit 1 to Defendant General Insurance Company of America's Opposition and Reply to Plaintiff's Motion to Remand. Exhibit 1 is a letter from one of the attorneys of record for Defendant City of Tuskegee, Alabama stating on behalf of the City of Tuskegee that 1) The City of Tuskegee will not take any action against Mr. Baums' property until a reasonable period of time has elapsed following the conclusion of this litigation; and 2) stating that Mr. Baums could have received a stay of any proceeding by the City of Tuskegee by notifying the City of Tuskegee of his intention to remediate after settlement of his claim against the insurance company or at the conclusion of the litigation.

Plaintiff avers that Exhibit 1 is due to be struck because 1) it is not properly authenticated under Rule 901 of the Federal Rules of Evidence; 2) it constitutes inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence; and 3) because the unsworn statement of an attorney for a party does not constitute evidence which can be considered by the Court (Pl's motion).

1

Plaintiff's motion to strike is due to be denied, at least as it pertains to the first statement in the letter, i.e., that the City of Tuskegee will not take any action against Mr. Baums' property until after the conclusion of this litigation. Exhibit 1 is signed by Katy Smith Campbell, one of the attorneys of record for the City of Tuskegee. Paragraph number 1 is not offered as evidence but as a stipulation that the City of Tuskegee will take no action and confirming that there is no need for an injunction. An attorney of record is presumed to have authority to compromise and settle litigation of his client. Mid-South Towing Company v. Har-Win, Inc., 733 F. 2d 386, 390 (5th Cir. 1984) (quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966). The law is replete with examples of an attorney having authority to bind his or her client. An attorney routinely enters into stipulations in pre-trial orders and in open court which are binding on his client. Rule 36(a), FRCP, provides that a request for admission may be signed by a party or his attorney.

Defendant General has set forth in its Opposition to Plaintiff's Motion to Remand that 1) there is no possibility that Plaintiff can prove a cause of action against the City; and 2) there is no joint, several or alternative liability between the defendants and the claim against the City has no real connection to the claims against General. The significance of the letter attached as Exhibit 1 is the stipulation by the City of Tuskegee, through its attorney, that even if Plaintiff were entitled to an injunction, which he is not, there is no need for an injunction. The City of Tuskegee affirmatively states in the letter signed by its attorney of record that it agrees not to take any action against the Plaintiff's property until this litigation has concluded. It is clear that Plaintiff's claim for an

injunction is merely a ruse to defeat federal jurisdiction. Plaintiff's motion to strike, at least as it pertains to the City of Tuskegee's stipulation, is due to be denied.

        /s/ Ronald G. Davenport_____
        RONALD G. DAVENPORT
        Attorney for Defendant General Insurance
        Company of America

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James David Martin, Esq.
Mitchel H. Boles, Esq.
Copeland, Franco, Screws & Gill, P.A.
P. O. Box 347
Montgomery, AL 36101-0347
martin@copelandfranco.com
boles@copelandfranco.com

Latasha Meadows, Esq.
Katy Smith Campbell, Esq.
Chestnut, Sanders, Sanders,
 Pettaway & Campbell, LLC
P. O. Box 1290
Selma, AL 36702-1290
lmeadows@csspca.com
kcampbell@csspca.com


            /s/ Ronald G. Davenport
            OF COUNSEL