IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARCIDUS BAUMS, )<br>)<br>    Plaintiff. )<br>)<br>v. )<br>)<br>)<br>GENERAL INSURANCE COMPANY )<br>OF AMERICA, *et al.*, )<br>)<br>    Defendants. ) | CASE NO. 3:06-cv-558-MEF<br>(WO-Recommended for Publication) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before this Court is the question whether a federal district court has subject matter jurisdiction over an action under 28 U.S.C § 1332 where one party alleges fraudulent joinder of a non-diverse party. Plaintiff Arcidus Baums ("Plaintiff"), a citizen of Alabama, originally filed his complaint in the Circuit Court of Macon County, Alabama, on May 22, 2006. Plaintiff asserted various state law claims against General Insurance Company of America ("General Insurance"), the City of Tuskegee, Alabama, and a number of fictitiously described defendants.[1] Asserting that the City of Tuskegee was fraudulently joined, General Insurance removed the case solely on the basis of diversity of the parties. The City of Tuskegee consented to the removal. This cause is presently before the Court on the

---

[1] "For the purposes of removal ..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

Plaintiff's Motion to Remand (Doc. #8), which General Insurance opposes. Having thoroughly considered the motion, as well as all other relevant submissions, the Court concludes that the motion to remand is due to be DENIED IN PART and GRANTED IN PART.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2003, a fire damaged much of Plaintiff's home in Tuskegee, Alabama. Plaintiff made a claim on the residential fire insurance policy that he had purchased from General Insurance. Because the loss estimates prepared by General Insurance's adjuster and those submitted by Plaintiff differed significantly, a dispute arose between Plaintiff and General Insurance about the extent of the loss.

Meanwhile, as Plaintiff and General Insurance disagreed over the proper amount of the fire damage claim, the City of Tuskegee informed Plaintiff that his home, in its current condition, violated municipal property maintenance codes. In a letter dated March 1, 2006, over five months after the fire, the City of Tuskegee made clear that if the violations were not addressed within a specified time frame, Plaintiff's home would be "restored, demolished, or removed at the direction of the City."

On May 22, 2006, Plaintiff filed this lawsuit in the Circuit Court of Macon County, Alabama. In his Complaint (Doc. # 1), Plaintiff brought claims against General Insurance for breach of contract and bad faith. Additionally, Plaintiff sought an injunction against the City of Tuskegee. With the consent of the City of Tuskegee, General Insurance removed the

action to this federal court asserting that it has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

### III. DISCUSSION

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought in federal court originally. 28 U.S.C. §1441(a). Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of the parties, meaning that every plaintiff's state of residency is diverse from every defendant. *See* 28 U.S.C. §1332; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000).

Additionally, cases such as this one that do not, on their face, have complete diversity of parties may nevertheless be removed to federal court if the defendant can demonstrate that the non-diverse defendant has been fraudulently joined. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with General Insurance because it is the removing party. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. In fact,

"the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

Joinder may be deemed fraudulent in three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant,"[2] (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts," or (3) "where a diverse defendant is joined with a non[-]diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non[-]diverse defendant." *Triggs*, 154 F.3d at 1287.

As to the third variety of fraudulent joinder, it is important to distinguish mere "misjoinder" from fraudulent joinder. Federal Rule of Civil Procedure 20 establishes the groundwork for permissive joinder of defendants. That rule provides, in pertinent part, as follows:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences

---

[2] On this issue, General Insurance submits a letter from City of Tuskegee in which the City stipulates that it will not proceed with remedial measures until after the conclusion of the lawsuit between Plaintiff and General Insurance. General Insurance argues that this letter demonstrates there is no immediate threat of irreparable injury and, therefore, "Plaintiff's claim for injunctive relief fails to state a claim." Doc. # 11 at 8. Plaintiff moves to strike this exhibit. *See* Doc. # 13. The Court finds it unnecessary to consider General Insurance's reliance on this letter and therefore the Plaintiff's motion to strike will be denied as moot.

>and if any question of law or fact common to all defendants will
>arise in the action.

Fed. R. Civ. P. 20(a). Mere misjoinder does not necessarily rise to the level of fraudulent joinder. Instead, as the Eleventh Circuit explained in *Tapscott*, misjoinder must be *egregious*. 77 F.3d at 1360 (11th Cir. 1996) (finding joinder "so egregious as to constitute fraudulent joinder"); *see also Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1277 (M.D. Ala. 2001) ("misjoinder must be egregious in order for there to be fraudulent joinder").

Although it initially appears that this case is due to be remanded given the lack of complete diversity,[3] further inquiry reveals that Plaintiff's joinder of the City of Tuskegee did not meet the basic requirements of Rule 20. Plaintiff argues that he "seeks several liability against General Insurance and the City arising out of a common occurrence." Doc. #8 at 10. The Court disagrees. In the instant case, Plaintiff's claims against General Insurance center on specific contractual obligations and whether General Insurance employed "bad faith." By contrast, Plaintiff's claims against the City of Tuskegee concern whether the City may enforce a valid ordinance. There is no real connection between these two claims. Enforcement of the city ordinance is not dependant at all on whether Plaintiff recovers from

---

[3] Plaintiff Baums and Defendant City of Tuskegee are both citizens of Alabama for diversity purposes. General Insurance is a Washington corporation. Diversity exists only between Plaintiff and Defendant General Insurance.

his insurance provider.[4]  There is no common question of law between the two claims and any common question of fact is extremely tenuous.  Other than the same property being involved in both disputes, the two claims are factually distinct.  This Court concludes that the parties have been improperly joinder under Rule 20.

Having determined misjoinder, the analysis does not end there.  As discussed above, it is critical to determine whether such misjoinder is egregious.  As the Southern District of Alabama recently noted, the Eleventh Circuit never defined "'egregious misjoinder' as opposed to mere 'misjoinder'" and, consequently, this gap "has left courts in its wake either struggling to define the term ... or rejecting the theory of misjoinder as an appropriate jurisdictional inquiry." *Bryan v. Lexington Ins. Co.*, No. 1:06-cv-225, 2006 U.S. Dist. LEXIS 53833 at *30 n.8 (S.D. Ala. 2006) (citing cases).  This Court does not intend to fully define the parameters of "egregious" in the context of fraudulent joinder but does note that one type of misjoinder that is always "egregious" is misjoinder that deliberately attempts to avoid the diversity jurisdiction of the federal courts.

The burden on the removing party in proving fraudulent joinder is heavy, but not insurmountable.  Although General Insurance has not produced direct evidence proving

---

[4] Plaintiff argues that this outcome leads to the result "that any time a plaintiff seeks to join a claim seeking a preliminary injunction to maintain the status quo against a resident defendant with any claim against a non-diverse defendant, the plaintiff has engaged in fraudulent joinder." Doc. # 12 at 10.  Plaintiff incorrectly states the impact of this ruling.  Had Plaintiff sought an injunction related to the claims levied against General Insurance, Plaintiff's injunction would have been properly joined.

Plaintiff's motives in joining the City of Tuskegee to the action, this Court is convinced that joinder of the City of Tuskegee serves no other purpose than to avoid diversity jurisdiction and is, therefore, egregious. In cases involving the third variety of fraudulent joinder, the removing party should not be required to find a smoking gun as such an evidentiary showing would be too burdensome.

A similar finding of fraudulent joinder was made in *Mallard v. Prudential Insurance Co.*, No. 95-A-908-N, 1996 U.S. Dist. LEXIS 4436 (M.D. Ala. 1996), where the claims of two plaintiffs were severed because they were "separate and distinct." *Id.* at *11. The court in *Mallard* made clear that the it would "not allow these Plaintiffs to defeat the Defendants' right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties." *Id.* Though the alignment of the parties is different than in *Mallard*–in the instant case, there is one plaintiff and two defendants–the situation is analogous. Here, one plaintiff joined two separate and distinct claims against two defendants, one of which is a non-diverse party, in an attempt to avoid the jurisdiction of the federal courts.

Given a finding of the third variety of fraudulent joinder it is not necessary to discuss whether the first variety of fraudulent joinder even applies, nor is it necessary to discuss any other of the General Insurance's contentions. Likewise, given that Plaintiff's Motion to Strike concerns the first variety of fraudulent joinder, it is unnecessary to discuss the merits of that motion.

## IV.  CONCLUSION

It is hereby ORDERED as follows:

(1) Pursuant to Federal Rule of Civil Procedure 20, the cause of action against Defendant City of Tuskegee shall be SEVERED from the remaining claims.

(2) Plaintiff's Motion to Remand (Doc. #8) is hereby DENIED with respect to the claims against General Insurance.

(3) Plaintiff's Motion to Remand (Doc. #8) is hereby GRANTED with respect to the claims against City of Tuskegee.

(4) In light of this Order, Plaintiff's Motion to Strike (Doc. #13) is hereby DENIED AS MOOT.

DONE this the 23rd day of October, 2006.

          /s/ Mark E. Fuller
    CHIEF UNITED STATES DISTRICT JUDGE