IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 NOV 20 P 3: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ARCIDUS BAUMS, | * |
| Plaintiff, | * |
| v. | * CASE NO. 3:06-cv-558-MEF |
| GENERAL INSURANCE COMPANY OF AMERICA, CITY OF TUSKEGEE, et al., | * **JURY TRIAL REQUESTED** |
| Defendants, | * |
| AND | * |
| GENERAL INSURANCE COMPANY OF AMERICA, | * |
| Third-Party Plaintiff, | * |
| v. | * |
| CRAWFORD & COMPANY, | * |
| Third-Party Defendant. | * |

## THIRD-PARTY COMPLAINT

Comes now the Defendant and Third-Party Plaintiff, General Insurance Company of America ("General"), and states this Third-Party Complaint against Crawford & Company ("Crawford").

1

## COUNT I – BREACH OF CONTRACT

1. Plaintiff has sued General Insurance Company of America ("General"), a copy of said complaint being attached hereto as **Exhibit 1** and made a part hereof, alleging that General was guilty of breach of contract and bad faith resulting in damages to the plaintiff.

2. Crawford & Company ("Crawford") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Adding Crawford as a third-party defendant does not destroy diversity.

3. Crawford adjusted the claim made the basis of this lawsuit for General through Safeco Financial Institution Solutions, Inc., formerly known as Safeco Select Insurance Services, Inc. ("Safeco Select") at the time of the claim at issue in this case pursuant to a contract entered into between Crawford and Safeco Select Insurance Services, Inc. ("Safeco Select") on September 1, 2001, which contract was in effect at the time of the events alleged in Plaintiff's Complaint. A copy of said contract is attached as **Exhibit 2** and made a part hereof. General was a third-party beneficiary of said contract.

4. If defendant and third-party plaintiff, General, is liable to the plaintiff, then Crawford is liable to General for breach of contract by failing to properly handle and adjust plaintiff's claim.

2

5. Crawford has further breached its contract by failing and refusing to indemnify, defend and pay all legal fees in connection with the defense of the above suit.

6. As a proximate consequence of the breach of contract by Crawford, General has incurred and will incur significant costs, damages, claims and attorney's fees in the claim against it by the Plaintiff.

WHEREFORE, the Defendant and Third-Party Plaintiff, General, prays for judgment against Third-Party Defendant Crawford & Company in such sum as Plaintiff may recover against General, plus such other damages as a jury shall determine, plus attorney's fees and court costs.

## COUNT II - NEGLIGENCE

7. General adopts the allegations contained in paragraphs 1 through 6 of its Third-Party Complaint as though fully set out herein.

8. If General is liable to the Plaintiff, it is because Crawford negligently performed its services under the contract attached hereto as **Exhibit 2** and made a part hereof.

9. As a proximate consequence of the negligence of Crawford, General has incurred significant costs, damages, attorney's fees and claims against it by the Plaintiff.

WHEREFORE, the Defendant and Third-Party Plaintiff, General, prays for judgment against Third-Party Defendant Crawford & Company in such sum as Plaintiff may recover against General, plus such other damages as a jury shall determine, plus attorney's fees and court costs.

### COUNT III -BAD FAITH

10. Third-Party Plaintiff realleges and incorporates by reference the preceding allegations of the Third-Party Complaint as if fully set forth herein.

11. If Defendant General is liable to the Plaintiff for any acts of bad faith as alleged by the Plaintiff, it is because of the actions or omissions of Crawford & Company.

12. As a proximate consequence of the acts or omissions of Crawford & Company, General has incurred significant costs, damages, attorney's fees and claims against it by the Plaintiff Baums.

WHEREFORE, the Defendant and Third-Party Plaintiff, General, prays for judgment against Third-Party Defendant Crawford & Company in such sum as Plaintiff Baums may recover against General, plus such other damages as a jury shall determine, plus attorney's fees and court costs.

## COUNT IV – IMPLIED CONTRACT OF INDEMNITY

13. Third-Party Plaintiff realleges and incorporates by reference the preceding allegations of the Third-Party Complaint as if fully set forth herein.

14. If Defendant General is liable to the Plaintiff for breach of contract and/or bad faith, it is because of the actions or omissions of Crawford.

15. General is without fault. If General is liable to the Plaintiff, Crawford is the party responsible, or primarily responsible, and General will be required to pay out money as a result of any judgment which might be returned in favor of Plaintiff.

16. Crawford is liable to General for any judgment which might be returned against General by Crawford under an implied contract of indemnity.

WHEREFORE, the Defendant and Third-Party Plaintiff, General, prays for judgment against Third-Party Defendant Crawford & Company in such sum as Plaintiff Baums may recover against General, plus such other damages as a jury shall determine, plus attorney's fees and court costs.

## **COUNT V – COMMON LAW INDEMITY**

17. Third-Party Plaintiff re-alleges and incorporates by reference the preceding allegation of the Third Party Complaint as if fully set forth herein.

18. If Defendant General is liable to the Plaintiff for breach of contract and/or bad faith, it is because of the actions or omissions of Crawford and Crawford is liable to General under the principle of common law indemnity.

WHEREFORE, the Defendant and Third-Party Plaintiff, General, prays for judgment against Third-Party Defendant Crawford and Company in such sum as Plaintiff may recover against General, plus such other damages as a jury shall determine, plus attorney's fees and court costs.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorney for Defendant and Third-Party
Plaintiff General Insurance Company
of America

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

6

PLEASE TAKE NOTICE that the Defendant and Third-Party Plaintiff, General, demands trial by struck jury of all issues in this case.

/s/ Ronald G. Davenport
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

>James David Martin, Esq.
>Mitchel H. Boles, Esq.
>Copeland, Franco, Screws & Gill, P.A.
>P. O. Box 347
>Montgomery, AL 36101-0347
>martin@copelandfranco.com
>boles@copelandfranco.com

by placing a true copy of same in the United States mail, postage prepaid, this 20th day of November, 2006.

/s/ Ronald G. Davenport
Of Counsel