# Exhibit 1

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA

| | |
|---|---|
| ARCIDUS BAUMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENERAL INSURANCE COMPANY OF )<br>AMERICA; CITY OF TUSKEGEE; )<br>FICTITIOUS DEFENDANTS "1" through "10," )<br>being the true and correct names of the named )<br>defendants; FICTITIOUS DEFENDANTS "11" )<br>through "20," being those individuals, )<br>partnerships, successors, corporations and/or )<br>other business entities responsible for the )<br>wrongful acts alleged herein, or who, by )<br>contract or law, assumed and/or are responsible )<br>for the obligations of the Defendants, all of )<br>which fictitious Defendants' true and correct )<br>names are unknown at this time, but will be )<br>added by amendment when ascertained, )<br>)<br>Defendants. ) | CIVIL ACTION NUMBER:<br>CV-06-__103____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Arcidus Baums hereby claims against the Defendants as follows:

1. Plaintiff Arcidus Baums is an adult resident/citizen of Macon County, Alabama and is over the age of nineteen (19) years.

2. Defendant General Insurance Company of America ("General Insurance") is a foreign corporation doing business by agent in Macon County, Alabama.

3. Defendant City of Tuskegee is a municipal corporation located in Macon County, Alabama.

4. Fictitious Defendants "1" through "10" are the true and correct names of the named defendants.

5. Fictitious Defendants "11" through "20" are those individuals, partnerships, predecessors, successors, corporations and/or other legal entities who insured Plaintiff's home

1


EXHIBIT 1

against fire loss on September 17, 2003 or who are responsible for the wrongful acts alleged herein or who, by contract or law, assumed and/or are responsible for the obligations of the Defendants.

6. All of said fictitious defendants' true and correct names are unknown at this time but will be added by amendment when ascertained.

7. Plaintiff owns a home located at 703 Brewer Street in Tuskegee, Alabama.

8. In September of 2003, Regions Mortgage held the mortgage and Defendant General Insurance provided residential fire insurance on Plaintiff's home. The limit of liability on the General Insurance residential fire policy was in excess of $50,000.00.

9. On September 17, 2003, Plaintiff's home was severely damaged by fire.

10. Plaintiff immediately notified General Insurance of the fire.

11. General Insurance later sent an adjuster to Plaintiff's property to assess the extent of the damage.

12. Plaintiff was later informed that General Insurance adjusted the loss at approximately $17,000.00.

13. Plaintiff contacted General Insurance and its adjuster to inform them that the damage to the home was much greater than $17,000.00.

14. Defendants told Plaintiff to obtain at least two estimates of the cost to repair the home.

15. Plaintiff subsequently obtained estimates from three separate contractors. These repair estimates ranged from $42,200.00 to $61,200.00.

16. Plaintiff forwarded these estimates to General Insurance, yet General Insurance refused to increase its loss assessment.

17. Because General Insurance failed and refused to honor its obligations under the insurance contract, Plaintiff had insufficient funds with which to repair his home.

2

18. On March 1, 2006 Defendant City of Tuskegee wrote to Plaintiff to notify him that it would be demolishing his home if he did not remediate the fire damage immediately. [Exhibit 1].

19. Without the full and proper amount of monies due and owing under the policy of insurance, Plaintiff is unable to remediate the fire damage and, therefore, risks the loss of his home due to Defendant General Insurance's wrongful conduct in this case.

### Count One - Breach of Contract

20. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs of the Complaint as if fully set forth herein.

21. On September 17, 2003, Plaintiff suffered a fire loss at his home. This fire loss was covered by a policy of insurance issued by General Insurance.

22. Pursuant to said policy of insurance, General Insurance agreed to pay benefits for fire losses sustained at Plaintiff's home.

23. General Insurance breached its contract of insurance in this case by failing or refusing to honor its obligations under the insurance policy, i.e., by not paying the losses suffered as a result of the September 17, 2003 fire.

24. As a proximate result of the Defendant General Insurance's wrongful conduct, Plaintiff has been deprived of the funds he was entitled to for repair of his home, the cost to now repair the home has greatly increased, he has had to continue paying on his home although it is uninhabitable, he has had to incur the cost to rent alternative housing, his home has fallen into such a state of disrepair that the City of Tuskegee is threatening to demolish the home and Plaintiff has suffered and continues to suffer mental anguish.

WHEREFORE, Plaintiff demands judgment against General Insurance in an amount of compensatory damages, including mental anguish damages, in excess of the minimum jurisdictional limits of this Court to be assessed by the jury, plus interest and costs.

## Count Two - Bad Faith

25. Plaintiff realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

26. On or about September 17, 2003, the Plaintiff suffered a fire loss at his home.

27. At the time of the loss, there existed a policy of insurance issued by General Insurance covering such loss.

28. The policy of insurance with General Insurance provided that it would pay benefits up to the contract limit of coverage for losses suffered as a result of fire at Plaintiff's home.

29. General Insurance has intentionally refused to pay and/or investigate, and/or deal in good faith on the claim for benefits pursuant to the insurance policy.

30. There exists no arguable or debatable reason for General Insurance's refusal to pay and/or investigate, and or to deal in good faith on the claim for fire loss coverage pursuant to the insurance policy.

31. General Insurance knew that there was no arguable or debatable reason for its refusal to pay in full the claim arising out of the fire at Plaintiff's home.

32. As a proximate result of the wrongdoing of General Insurance, Plaintiff has suffered injury and damage as set forth in paragraph 24 above.

WHEREFORE, Plaintiff demands judgment against General Insurance in an amount of compensatory damages, including mental anguish damages, and punitive damages, in excess of the minimum jurisdictional limits of this Court to be assessed by the jury, plus interest and costs.

## Count Three – Injunction

33.   Plaintiff realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

34.   As a result of the failure and refusal of General Insurance to comply with its contractual obligations to pay the amount of the loss suffered by Plaintiff as a result of the September 17, 2003 fire, Plaintiff has been deprived of the funds necessary to properly repair his home.

35.   Plaintiff relied on the availability of insurance proceeds to repair any fire damage he may suffer at his home.

36.   Despite his desire to fully repair his home, Plaintiff has insufficient funds available to make up the difference between the benefits offered by General Insurance and the cost to actually repair the fire damage to his home.

37.   The City of Tuskegee has now informed Plaintiff that it intends to demolish his home if he does not remedy the damage caused by the fire.

38.   In the intervening time since the fire loss, Plaintiff has attempted to obtain the funds available to him under the insurance policy through informal means, but has been unsuccessful in doing so.

39.   His attempts to obtain the funds due and owing were postponed from October 2004 through October 2005 while Plaintiff was deployed overseas as a member of the Alabama National Guard.

40.   Upon his return to the United States and with no other options available, Plaintiff has now filed suit against General Insurance to obtain the funds rightfully owed under the policy.

41.   It is Plaintiff's intention to apply the funds recovered in this lawsuit to the repair

5

and remediation of his home.

42. Plaintiff has a clear legal right to the benefits due and owing under the insurance policy issued by General Insurance.

43. An injunction is necessary to prevent irreparable harm to the Plaintiff in the form of the City of Tuskegee demolishing his home before he can enforce his right to the proceeds necessary to repair his home. This threat of irreparable harm to Plaintiff far outweighs any harm the injunction may cause the City of Tuskegee.

44. The granting of the injunction will not be contrary to the public interest.

45. There is no adequate remedy at law to stop the City of Tuskegee from demolishing Plaintiff's home until he can recover the insurance proceeds wrongfully withheld by General Insurance.

WHEREFORE, Plaintiff requests the Court to issue an injunction prohibiting the City of Tuskegee from demolishing his home located at 703 Brewer Street, Tuskegee, Alabama, and for such other and further relief as the Court deems appropriate in the premises.

/s/ Daniel Martin
J. David Martin, Esq. (MAR120)
Mitchel H. Boles (BOL029)

**COUNSEL FOR PLAINTIFF - ARCIDUS BAUMS**

<u>OF COUNSEL:</u>

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:   (334) 834-1180
Facsimile:   (334) 834-3172

6

_____
Arcidus Baums, Plaintiff

STATE OF ALABAMA      )
                      :
MONTGOMERY COUNTY     )

I, the undersigned authority, a Notary Public, in and for said County in Said State, hereby certify that Arcidus Baums, whose name is signed to the foregoing Complaint and who is known to me and being informed of the contents of the Complaint, he acknowledged the accuracy of the facts as stated in the Complaint and executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal, this the 18th day of May, 2006.

[SEAL]

_____
NOTARY PUBLIC
My Commission Expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sep 28, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY AS TO ALL CLAIMS.**

_____
J. David Martin

## PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL

**General Insurance Company of America**
c/o The Corporation Company
2000 Interstate Drive, Suite 204
Montgomery, Alabama 36109

**City of Tuskegee**
c/o Gwendolyn Hughley, Deputy City Clerk
Post Office 830687
Tuskegee, Alabama 36083

7



## CITY OF TUSKEGEE



MAYOR
  JOHNNY FORD

CITY MANAGER
  ALFRED J. DAVIS

COUNCIL AT LARGE

COUNCIL MEMBERS
  LUTALO K. ARYEE
    DISTRICT 1
  WILLIAMS LOUISE FIELDS
    DISTRICT 2
  GEORGETTE WHITE MOON
    DISTRICT 3

P.O. BOX 830687
101 FONVILLE STREET
TUSKEGEE, ALABAMA 36083
PHONE: (334) 727-2180 • FAX: (334) 727-4820

March 1, 2006

## NOTICE OF PROPERTY MAINTENANCE CODE VIOLATIONS

### VIA CERTIFIED MAIL

Arcidus Baums
P. O. Box 830324
Tuskegee, AL  36083

  *Re: 703 Brewer Street, Tuskegee, AL  36083*

Dear Mr. Baums:

This is a notice that the property you own or are responsible for at the above-referenced address has been inspected and found to be unsafe for habitation or use.

An inspection report which sets forth the violations found on the property is enclosed herewith. This notice is being issued because the degree to which the structure is in disrepair or lacks maintenance is dangerous to the life, health, property or safety of the public. These conditions must be corrected immediately.

You have **ten (10) days** from the date of receipt of the certified letter to file a plan of remediation with the Department of Building, Engineering and Planning. The plan must include all steps you plan to take to address and correct each violation in the inspection report, up to and including the demolition of the structure. These violations must be addressed and corrected within sixty (60) – ninety (90) days from the submission of your remediation plan.

**Do not disregard this notice!** Failure to comply with these instructions within the stated period *will* result in further action by the City of Tuskegee. The property will be restored, demolished or removed at the direction of the City. Any and all costs (including administrative fees) associated with the remediation will be assessed to you and will constitute a lien against the property.

Page Two
Arcidus Baums
March 1, 2006

You have the right to appeal the determination that the property conditions violate the relevant codes. You must file your appeal within **twenty (20) days** from your receipt of this notice. In support of this appeal you must clearly and adequately show: (1) why the intent of the code or the rules legally adopted have been incorrectly interpreted, or (2) why the provisions of the code are inapplicable, or (3) that the requirements of the code are adequately satisfied by other means. An application for appeal is available upon request from the Building, Engineering and Planning Department.

For additional information, please contact the Building, Engineering and Planning Department at 334-724-2153.

Sincerely,

James Harris
Building Inspector

Pc: Mr. Alfred J. Davis, City Manager





7003 1680 0000 9728 1811

General Insurance Company of America
c/o The Corporation Company
2000 Interstate Drive, Suite 204
Montgomery, Alabama 36109

County Circuit Court Clerk
County Courthouse
ffice Box 830723
gee, Alabama 36083-0723

VIA CERTIFIED MAIL
RN RECEIPT REQUESTED

Pull to open ▼▼▼

Arrow

Page 1 of 1

FedEx Express

FROM: Connie Tinsley (334)387-7680
Alabama CT Reps
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

TO: AB King III (678)417-3677
SAFECO Insurance Companies
Atlanta SE Region Claims
2055 Sugarloaf Circle
Duluth, GA 30097

Ref: SOP/0601800//GENERAL INSURANCE COMPANY O

FedEx Revenue Barcode

CAD#: 8279394
SHIP DATE: 24MAY06
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

** 2DAY **

TRK# 7914 9371 6044    FORM 0201

30097 -GA-US

SE AYSA

ATL

FRI
A2
Deliver by:
26MAY06

CLS02236

Want more information?

100% Recycled